230 F.2d 169
 Petition of Edward T. DONNELLY, an individual for
Exoneration from, or Limitation of liability as
charterer and owner pro hac vice of a
certain vessel known as THE DEWEY'S.
Edward T. DONNELLT, Petitioner-Appellant,
v.
Stanley M. BROWN, Administrator of the Estate of Raymond F.
Donnelly, Deceased, Claimant-Appellee.
 No. 12522.
 United States Court of Appeals Sixth Circuit.
 Feb. 17, 1956.
 
 Edward B. Hayes, Chicago, Ill. (William K. Johnson, Lord, Bissell & Brook, Chicago, Ill., on the brief), for appellant.
 Edward A. McNeill, Toledo, Ohio (Vernon E. Rohrbacher, Cobourn, Yager, Notnagel, Smith & Beck, Toledo, Ohio, on the brief), for appellee.
 Before ALLEN, McALLISTER and MILLER.
 PER CURIAM.
 
 
 1
 On March 24, 1954, Stanley M. Brown, as Administrator of the Estate of Raymond Donnelly, filed an action in the Court of Common Pleas for Lucas County, Ohio, against the appellant, Edward T. Donnelly, seeking damages in the amount of $25,000.00 by reason of the death of Raymond Donnelly, who, on July 21, 1952, while a guest aboard the vessel Dewey on the Maumee River near Toledo, Ohio, fell from the vessel into the river and drowned. The deceased was 14 years of age. Appellant was a charterer and owner pro hac vice of the Dewey.
 
 
 2
 On September 23, 1954, appellant filed a petition in the U.S. District Court for the Northern District of Ohio seeking limitation of liability under Section 185, Title 46, U.S.C.A. The Administrator moved to dismiss the petition for lack of jurisdiction over the subject matter.
 
 
 3
 In support of the motion it was shown by an affidavit that one of the partners of the law firm representing the Administrator in the State court action wrote appellant on July 7, 1953 'on behalf of Mr. and Mrs. Leo F. Donnelly of Manchester, New Hampshire, with respect to the wrongful death of their only child and son, Raymond F. Donnelly' on July 21, 1952 by reason of drowning at the time and place stated, charging appellant with liability therefor and advising him that unless the sum of $25,000.00 was paid, or satisfactory arrangements made therefor, by August 7, 1953 it would be necessary to institute legal proceedings against him for said sum. On July 29, 1953, an attorney for appellant acknowledged receipt of the letter and stated in his answer, 'I will be glad to discuss this matter with you at your convenience.'
 
 
 4
 It was shown on behalf of the appellant that no written notice of claim was filed by the Administrator prior to the filing of suit on March 24, 1954 and that Mr. and Mrs. Leo F. Donnelly, or either of them, had not been appointed Administrator of the Estate of Raymond Donnelly, deceased.
 
 
 5
 Appellee contended that under Section 185, Title 46, U.S.C.A., the vessel owned may petition the U.S. District Court for limitation of liability as provided by the statute, only if he does so 'within six months after a claimant shall have given to or filed with such owner written notice of claim,' and that since the petition was filed more than six months after receipt of the letter from the attorney for Mr. and Mrs. Leo F. Donnelly making claim for $25,000 damages it was barred.
 
 
 6
 Appellant contended that under the Ohio Death Act, Revised Code of Ohio, § 2125.02, an action for wrongful death must be brought in the name of the personal representative of the deceased person; that such personal representative is accordingly the 'claimant' referred to in Section 185, Title 46, U.S.C.A.; that the father and mother of the decedent, although next of kin, were not 'claimants' under the statute and that the attorney's letter of July 7, 1953, on behalf of them to the appellant was not the written notice of a claim by a claimant necessary to start the six months' period of limitation running against the filing of a petition for limitation of liability.
 
 
 7
 The District Judge sustained the motion to dismiss, from which ruling this appeal was taken. In his written Memorandum in support of the ruling he considered and rejected the contentions of the appellant, pointing out that under the Ohio Death Act the action in the name of the personal representative was 'for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent'; that the mother and father were the real parties in interest and were the claimants although a suit to enforce their claim would have to be brought in the name of an administrator; and that to adopt the position taken by the appellant would entail a very narrow construction of the Act and would require obedience to form rather than recognition of substance. Although recognizing the absence of reported cases directly in point, reference was made to Standard Wholesale Phosphate and Acid Works v. Travelers Ins. Co., 4 Cir., 107 F.2d 373, and The Grasselli Chemical Co. No. 4, D.C.N.Y., 20 F.Supp. 394.
 
 
 8
 We agree with the reasons given by the District Judge in his Memorandum, 138 F.Supp. 823, and with the conclusion reached by him. Admiralty Rule 51, 28 U.S.C.A., which provides in part that in cases involving death, notice of the filing of a Petition for Limitation of Liability shall be mailed to the decedent at his last known address, and also to any person who shall be known to have made any claim on account of such death, supports the ruling. See also: Gibson v. Solomon, 136 Ohio St. 101, 23 N.E.2d 996, 125 A.L.R. 903; Petition of Goulandris, 2 Cir., 140 F.2d 780, 781.
 
 
 9
 The judgments is affirmed.