Melville **DIAMOND, as the Administrator of the Estate of P. M. Diamond as owner of the 23-foot Higgins Speedboat, Official Number 18J1555, Appellant,**

v.

Deborah **BEUTEL and Marion D. Hopwood, Appellees.**

**No. 16489.**

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1957.

David S. Batcheller, Douglas D. Batchelor, Miami, Fla., Smathers, Thompson & Dyer, Miami, Fla., of counsel, for appellant.

Herschel W. Carney, Melbourne, Fla., Jerome Silver, Cleveland, Ohio, Edward L. Trader, Melbourne, Fla., George E. Patterson, Jr., Miami, Fla., for appellees.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, Sr., District Judge.

RIVES, Circuit Judge.

This appeal is from a decree dismissing a petition for limitation of liability for the reason that the vessel owner did not make the petition "within six months after a claimant shall have given to or filed with such owner written notice of claim." 46 U.S.C.A. 185.[1] As originally

---

1. "§ 185. *Petition for limitation of liability; deposit of value of interest in*

court; *transfer of interest to trustee*
"The vessel owner, within six months

filed, the petition was by P. M. Diamond, the owner of a 23-foot Higgins Speed-boat. On March 21, 1954, the boat, in charge of an operator for the owner, grounded in the waters of the Indian River with seven persons aboard, and, as a result, the appellees claimed that they suffered severe injuries.

It is without dispute that the owner knew of the accident, and that, upon his instructions, his secretary wrote and mailed the following letter:

"P. M. Diamond
"333 Leader Bldg.
"Cleveland 14, Ohio
"MAin 1-8985
"March 24, 1954
"Dear Mr. & Mrs. Beutel:
"Mr. Diamond and I were deeply concerned about the unfortunate accident of Deborah's. We sincerely hope that she is improving satisfactorily.

"We have checked and we have a Public Liability Policy with Herberich-Hall-Harter. We suggest that if you have any claims for medical bills or otherwise, you contact Mr. William Herberich of Herberich-Hall-Harter, 265 South Main Street, Akron, Ohio.

"With kindest personal regards, I remain,
"Sincerely,
"(S.) Madlyn O'Neill."

Complying with that letter, the attorney for one of the appellees gave the following written notice of her claim:

"April 16, 1954
"Herberich-Hall-Harter
"265 South Main Street
"Akron, Ohio
"Attn: Mr. William Herberich.
"Dear Sir:
"Please be advised that I represent Mr. Henry J. Beutel relative to an accident which Mr. P. M. Diamond's boat was involved in while Mr. Beutel's child, Deborah, was aboard. This child has several teeth missing and a permanent scar made by her teeth coming through her lip which was caused by negligence in the operation of this vessel. I understand that you have insurance on this boat and would like an air mail answer stating your feeling about this matter.

"If I do not have a satisfactory reply, I shall begin action.
"Sincerely,
"Edward L. Trader."

Mr. Herberich replied:

"Herberich-Hall-Harter Agency, Inc.
"Established 1886
"Insurance-Bonds
"265 South Main Street
"Akron, 8, Ohio
"April 22, 1954
"POrtage 2-2481
"Mr. Edward L. Trader, Attorney
"Coleman Building
"P. O. Box 1149
"Melbourne, Florida
"Re: P. M. Diamond
"Dear Mr. Trader:
"I am in receipt of your letter of April 16th regarding an accident

after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the

provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

which occurred to Mr. Beutel's child, Deborah.

"This is the first notice that we have received on this accident, and this is to advise you that we have referred this claim to our Home Office Yacht Loss Department, who, in turn, will have their Florida adjuster contact you.

"Yours very truly,
"W. W. Herberich,
"Vice President."

The Insurance Company to which he had referred the claim made further reply as follows:

"Vigilant Insurance Company
"90 John Street
"New York, 38, N. Y.
"Chubb & Son
"Telephone WOrth 4–1200
"Managers
"In Reply Please Refer to H–9996.
"April 22, 1954
"Via Air Mail
"Mr. Edward L. Trader
"Coleman Building
"P. O. B. 1149
"Melbourne, Florida
"Re: 23 Higgins Speedboat, P. M. Diamond.
"Dear Sir:

"Your letter of April 16th addressed to Herberich-Hall-Harter having reference to a claim for an alleged injury sustained by Deborah Beutel on board Mr. Diamond's speedboat has been passed on to us for attention.

"Your advices under acknowledgment are the first we have received in connection with the reported injury and we are accordingly getting in touch with Mr. Diamond through his insurance broker in an endeavor to obtain full particulars. Perhaps in the meantime you will wish to let us know your side of the story.

"The above of course is written without in any way acknowledging responsibility on the part of Mr. Diamond and/or underwriters for this alleged occurrence and is merely to develop additional details so that the matter might be given our further attention.

"Very truly yours,
"CHUBB & SON,
"By G. F. EBERT,
"(G. F. Ebert),
"Marine Loss Dept."

Appellant insists that the notice of claim was not "given to or filed with such owner" within the meaning of the statute and cites the authorities listed in the margin.[2] The authorities relied on by appellees are likewise listed in the margin.[3]

The critical clause, "within six months after a claimant shall have given to or filed with such owner written notice of claim," was added to the statute by amendment on June 5, 1936, 49 Stat. 1480. Judge Swan, speaking for the Second Circuit, has well said:

"* * * Before the amendment the rule was firmly established that a shipowner might litigate with adverse claimants the question of his liability, and even after final judgment had gone against him might still file his petition for limitation. The Benefactor, 103 U.S. 239, 26 L.Ed. 351; Larsen v. Northland

2. Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., 4 Cir., 1939, 107 F.2d 373; In re Leterman, Becher & Co., Inc., 2 Cir., 1919, 260 F. 543; Petition of Anthony O'Boyle, D.C.D.C. 1943, 51 F.Supp. 430; Creasy v. United States, D.C.W.D.Va.1933, 4 F.Supp. 175; 66 C.J.S. Notice, § 9, p. 642; 39 Am.Jur. Notice & Notices, § 9, p. 237.

3. Petition of Goulandris, 2 Cir., 1944, 140 F.2d 780; Scorza v. Deatherage, 8 Cir., 1954, 208 F.2d 660; Petition of Donnelly, 6 Cir., 1956, 230 F.2d 169; The Grasselli Chemical Co. No. 4, D.C.S.D. N.Y.1937, 20 F.Supp. 394; Petition of Southern Steamship Co., D.C.Del.1955, 132 F.Supp. 316; Peterson v. Kansas City, 324 Mo. 454, 23 S.W.2d 1045; Ware v. Frank Meline Co., Cal.App., 53 P.2d 1033; Wilson v. Inhabitants of City of Trenton, 53 N.J.L. 645, 23 A. 278, 16 L.R.A. 200; 39 Am.Jur. Notice & Notices, § 27, p. 249; 20 R.C.L. § 20, p. 356.

Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096. The amendment requires the petition for limitation to be filed within six months after a claimant shall have given the shipowner written notice of claim. It is conceded by the plaintiff that the purpose of the six months provision was to change the old rule and require the shipowner to act promptly in asserting the right to limit his liability. That this was the legislative purpose has been generally recognized. The Fred Smartley, Jr., 4 Cir., 108 F.2d 603, 607, certiorari denied [S. C. Loveland, Inc., v. Pennsylvania Sugar Co.] 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027; The Grasselli Chemical Co. No. 4, D.C.S.D.N.Y., 20 F.Supp. 394, 395; The Bright, D.C.Md., 38 F. Supp. 574, 577, affirmed 4 Cir., 124 F.2d 45; Benedict, Admiralty 6th ed. § 483."

Petition of Goulandris, 2 Cir., 1944, 140 F.2d 780, 781.

Under the statute, the vessel owner is the person to whom the written notice of claim must be given, or with whom it must be filed. There is, however, nothing, either in the letter of the statute or in the purpose for which it was enacted, to prevent the owner from appointing an agent to receive the notice, as he might do for the service of process.

Under Rule 4(d)(1), Federal Rules of Civil Procedure, 28 U.S.C.A., service of a summons and complaint upon an individual defendant in a civil action may be made by delivering a copy of the summons and complaint to "an agent authorized by appointment" to receive service of process. Rule 2 of the Admiralty Rules, 28 U.S.C.A., is not so specific, though the cases would indicate that like service would be sufficient.

"In the present case, the libelee had, in compliance with the law of Louisiana, appointed an agent at New Orleans, on whom legal process might be served, and the monition was there served upon him. This would have been a good service in an action at law in any court of the state or of the United States in Louisiana. Lafayette Ins. Co. v. French, 18 How. 404 [15 L.Ed. 451]; Ex parte Schollenberger, 96 U.S. 369 [24 L.Ed. 853]; New England [Mutual Life] Ins. Co. v. Woodworth, 111 U.S. 138, 146, [4 S.Ct. 364, 28 L.Ed. 379]. And no reason has been or can be, suggested why it should not be held equally good in admiralty."

In re Louisville Underwriters, 1890, 134 U.S. 488, 493, 10 S.Ct. 587, 589, 33 L. Ed. 991. See also, Norfolk Southern R. Co. v. Foreman, 4 Cir., 1917, 244 F. 353, 355, 356; 2 C.J.S. Admiralty § 106c(a), p. 212.

The written notice of claim given to or filed with the agent designated by the owner established the time from which the six months' limitation period started to run. The judgment is therefore

Affirmed.