In the Matter of Complaint of SOUTH-COAST WATERSPORT RENTALS, INC. as owner of the 1995 Yamaha Wave Venture bearing HIN YAMA2139C595, her agents, tackle, appurtenances, etc., in a cause of exoneration from or limitation of liability, Petitioner.

No. 96–6917–CIV–ROETTGER.

United States District Court, S.D. Florida.

Dec. 24, 1996.

David D. Hallock, Jr., John M. Mitchell, Keller Houck & Shinkle, Miami, FL, for petitioner.

Robert A. Rosenblatt, Miami, FL, for Claimant Roberto Chong.

### ORDER

ROETTGER, Chief Judge.

**THIS CAUSE** is before the Court on Claimant Roberto Chong's motion to dismiss the instant petition for limitation of liability. Chong argues that the petition, filed August 12, 1996, is untimely pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure and 46 U.S.C.App. § 185. These provisions require petitions for limitation of liability to be filed within six months of written notice of a claim.

On June 7, 1995, counsel for Chong sent a letter to petitioner regarding the incident that gave rise to the instant petition. The letter, attached to the motion at Exhibit A, advises petitioner of the fact that Claimant Chong is represented by counsel and notes that the accident in question "was caused through the negligence of Robin Labarbera who evidently rented the jet ski from Southcoast Watersport." Counsel goes on to request that petitioner forward the letter to its insurance carrier, if any, or "contact my office at once so that we may attempt to arrange an amicable settlement of my client's claim."

On February 14, 1996 Chong served petitioner with a Complaint filed in the Seventeenth Judicial Circuit in and for Broward County, Florida. The Complaint blamed petitioner for damages Chong allegedly suffered when a jet ski owned by petitioner collided with him. Petitioner defended the action in state court, apparently moving for summary judgment in April, 1996. The summary judgment motion was denied in July, and on August 12, 1996, the instant petition was filed with this Court.

The question before the Court is whether the June 7, 1995 letter sent from Chong's counsel to petitioner constitutes "written notice of claim," pursuant to 46 U.S.C.App. § 185. If so, the petition was untimely filed.

The Court finds that the letter sent by Chong's counsel to petitioner does constitute sufficient notice of a claim to start the six month limitations period of section 185 running. "Although the notice of claim need not be presented in a particular form, it must inform the owner of the claimant's intention to seek damages from the owner." *Rodriguez Moreira v. Lemay*, 659 F.Supp. 89, 90–91 (S.D.Fla.1987). The June 7 letter sets forth the date of the alleged incident, and informs petitioner that the incident resulted from the negligence of a person to whom they had rented a jet ski. Most importantly, counsel for Chong implores petitioner to contact his office to arrange a settlement of his client's claim. A reasonable reading of the letter shows that Chong's counsel plainly anticipated seeking compensation for his client's injuries. The letter informs petitioner of Chong's "demand of a right or supposed

right, blame[s] them for ... damage or loss, [and] call[s] upon them for something due [the claimant]." *Id.* at 91.

As the instant petition was filed more than six months after receipt of the June 7, 1995 letter, it is untimely pursuant to 46 U.S.C.App. § 185 and Supplemental Rule F.

Upon consideration of the motion and the record in this cause it is

**ORDERED AND ADJUDGED** that Claimant Chong's motion to dismiss the petition for limitation of liability is **GRANTED.** The petition is hereby dismissed. The Clerk of Court is directed to close this case. All remaining motions are denied as moot.