**In the Matter of the Complaint of BEES-LEY'S POINT SEA–DOO, INC., as Owner of the Sea–Doo, GTS Personal Watercrafts, for Exoneration From or Limitation of Liability.**

**Civil Action No. 96–266 (JEI).**

United States District Court,
D. New Jersey.

Feb. 20, 1997.

Youngblood, Corcoran, Aleli, Lafferty, Stackhouse, Grossman & Gormley, P.A. by Eric S. Goldstein, Pleasantville, NJ, for Beesley's Point Sea–Doo, Inc.

Mark D. Mungello, Blackwood, NJ, for Defendant, Luke Gillespie.

Green, Lundgren & Ryan, P.C. by Jim Mulroy, Haddonfield, NJ, for Defendant Jennifer Magro.

Hockfield, Hasner, Weiss & Rosenberg, P.A. by Michael J. Weiss (not appearing),

Cherry Hill, NJ, for Defendant Maureen Cook.

Larosa & DeLuca, P.C. by Robert A. De-Luca (not appearing), Michael E. Delbonfiro, Philadelphia, PA, for Defendant Anita Hally.

## OPINION

IRENAS, District Judge:

This matter appears before the court on a motion to dismiss, filed by defendant Luke Gillespie ("Gillespie") and joined by defendants Jennifer Magro ("Magro") and Anita Hally ("Hally"). Because plaintiff Beesley's Point Sea–Doo, Inc. ("Beesley's") failed to timely file its petition for limitation of liability pursuant to 46 U.S.C.App. § 185, we will grant defendants' motion and dismiss the complaint in its entirety.

## I. BACKGROUND

This dispute arises out of an accident which occurred on July 8, 1993. The accident involved two rented jet-skis that are owned by Beesley's Point Sea–Doo. One was operated by Magro, with Hally as a passenger. The other was operated by Gillespie, with Maureen Cook ("Cook") as passenger. On July 5, 1996, Gillespie filed a complaint against Beesley's, Hally and Cook. The complaint was served on Beesley's on July 24, 1995, as reflected on the docket of the Superior Court of New Jersey, Cape May County, Law Division. On July 6, 1995, Cook filed a complaint against Beesley's, Magro, Hally, and Gillespie. This complaint was served on Beesley's on August 11, 1995, as entered on the docket of the Superior Court of New Jersey, Camden County, Law Division.

The Cook and Gillespie complaints were consolidated and transferred to Atlantic County. On November 22, 1995, Beesley's filed an amended answer to both complaints, including the affirmative defense that liability is limited under the Limitation of Liability Act, 46 U.S.C.App. §§ 181–188. On January 23, 1996, Beesley's filed the instant complaint seeking exoneration from or limitation of lia-

bility pursuant to 46 U.S.C.App. §§ 181–188. Beesley's claims that recovery should be limited to the Beesley's interest in the two jet-skis. Beesley's alleges that the jet-ski operated by Gillespie was worth $2,000. The one operated by Magro is valued at $2,300.

## II. DISCUSSION

The Supplemental Rules for Certain Admiralty and Maritime claims provide that a complaint for limitation of liability must be filed in the appropriate district court not later than six months after *receipt of a claim in writing.* Fed.R.Civ.P.Supp. F(1) (emphasis added). Likewise, the applicable statute provides: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability." 46 U.S.C. § 185. This complaint was timely filed if we measure from the date Beesley's was served with the Superior Court complaints.[1]

 The applicable statute and rule, however, do not require notice of the claim to come in the form of a formal complaint. Gillespie notified Beesley's of his potential claims by letters that pre-date the complaint. Measuring from those dates, Beesley's missed its six-month window of opportunity to file a petition for limitation of liability. The pleading of the affirmative defense of limitation of liability in the state court answer did not toll the six-month time restriction. *See Vatican Shrimp Co., Inc. v. Solis,* 820 F.2d 674, 682 (5th Cir.), *cert. denied,* 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987).

 Notice of a claim is sufficient to trigger the start of the six-month statutory period if the writing informs the vessel owner of an actual or potential claim, which may exceed the value of the vessel. *See Doxsee Sea Clam Co., Inc. v. Brown,* 13 F.3d 550, 554 (2d Cir.1994). It is well-settled that letters sent by claimants to vessel owners may constitute notice of claim. *See Doxsee,*

---

1. The earliest date on which Beesley's received a formal complaint was July 24, 1995, the date that the Gillespie complaint was served. The instant complaint was filed on January 23, 1996, exactly six months afterwards.

13 F.3d at 554; *Okeanos Ocean Research Found., Inc.,* 704 F.Supp. 412 (S.D.N.Y. 1989). To determine whether a letter is sufficient to constitute written notice of a claim, we must consider whether the letter (1) informs the vessel owner of claimant's "demand of a right or supposed right," (2) blames the vessel owner "for any damage or loss," or (3) calls upon the vessel owner for something due claimant [hereinafter "the *Richardson* factors"]. *See Matter of Loyd W. Richardson Constr. Co.,* 850 F.Supp. 555, 557 (S.D.Tex.1993) (quoting *Rodriguez Moreira v. Lemay,* 659 F.Supp. 89, 91 (S.D.Fla. 1987)). Thus, whether or not a particular letter constitutes notice depends upon its specific content.

In this case, Beesley's received multiple letters that qualify, either individually, or together, as notice in writing of pending claims arising out of the July 8, 1993, accident. Gillespie's attorneys sent several pieces of correspondence both to Beesley's and to Beesley's insurance company. These mailings were sent and received in 1993 and 1994, long before the six months prior to the filing of the instant complaint.

On September 13, 1993, Oliver Frey, former attorney for Gillespie, wrote to "Sea Isle Wave Runner/Jet Ski Rentals," stating that he represented Gillespie "in regard to the injuries that [Gillespie] sustained while riding a jet-ski which was rented at [Beesley's] establishment" and advising Beesley's to turn the letter over to its insurance company or attorney immediately. Beesley's argues that this letter is insufficient to serve as notice of a claim because it merely advised an incorrect entity of Gillespie's representation. Beesley's contends that the letter failed to address any of the *Richardson* elements because it (1) failed to present a demand of a right or supposed right, (2) failed to blame Beesley's for any damages, and (3) did not call upon Beesley's for something due to Gillespie. We disagree.

**2.** Plaintiff points out that the September letter was addressed to an entity different from the one that appears in the caption of this complaint. This is the case in several of the other claim letters as well. Nevertheless, we accord little

Plaintiff's application of the *Richardson* factors is too narrow. We must look to the "whole tenor" of the letter when determining whether it constituted notice. *See Doxsee,* 13 F.3d at 554. A letter from an attorney that informs a vessel owner of the attorney's representation of a person who was injured while operating that owner's vessel and advises the owner to contact its insurance company is sufficient to put the owner on notice of a potential claim. *See Complaint of Bayview Charter Boats, Inc.,* 692 F.Supp. 1480, 1485–86 (E.D.N.Y.1988) (finding that letter by attorneys informing ferry owner of representation of swimmer in connection with his personal injuries and requesting owner to refer letter to insurance and/or legal representative was sufficient "notice of claim" even though letter did not contain a threat of legal proceedings).[2]

Frey wrote another letter dated September 16, 1993, addressed to "Sea Isle Sea Doo Jet Ski Rentals, Inc.," reiterating that he represented Gillespie "in regard to his injuries while using one of your jet-skis." Once again, he requested: "Please turn this matter over to your insurance carrier or your attorney immediately and have them contact me." Again, Beesley's contends that the letter is insufficient notice because it was sent to an incorrect entity merely to advise them of Gillespie's representation. We find that the letter included more information than plaintiff acknowledges and that its content was sufficient to provide notice. The letter reiterated that Gillespie was injured while using "one of [the plaintiff's] jet-skis" and that the matter should be turned over to an insurance carrier. Thus, it provided notice that Gillespie was allegedly hurt by Beesley's vessel and that there was reason for Beesley's insurance company to get involved. *See Bayview,* 692 F.Supp. at 1485–86. Furthermore, Gillespie's attorney received a response to his letter dated September 16, 1993. By letter dated September 29, 1993, Patrick T. McGahn, Jr. ("McGahn"), Beesley's attorney, acknowledged receipt of

significance to that fact because plaintiff does not challenge defendants' implicit assumption that these letters were received and reviewed by the plaintiff in 1993 and 1994.

Frey's letter and enclosed copies of several documents: the lease agreements, the boating accident report, and a receipt issued to Hally for payment of damages to the jet-skis. *See* Kilstein Aff. Ex. A.

On May 9, 1994, Martin Kilstein, former attorney for Gillespie, wrote to "Beesley's Point Jet Ski, Inc.," stating that his office now represented Gillespie "in claims for personal injuries and property damage arising out of an accident in which [Beesley's was] involved, the particulars of which are set forth above." Kilstein asked Beesley's to forward the letter to its insurance carrier. Kilstein also enclosed an accident report to be completed and returned by Beesley's. Plaintiff alleges that the letter is insufficient notice because the "particulars referred to ... are not very particular at all." The letter itself, however, belies this assertion. At the top,. the letter contains a "Re:" line that references the matter of "Gillespie vs. Beesley's Point Sea Doo, Inc. t/a Sea Isle Sea Doo, et al." and provides the date of the incident—July 8, 1993. In the court's view, this information was quite particular. There was an accident, which occurred on a particular date, for which the writer of the letter, an attorney, believes Beesley's should be held liable. Again, although the letter does not include an express "demand of a right or supposed right," the caption at the top provides sufficient notice of potential lawsuit. *See Doxsee*, 13 F.3d at 554 (noting as a persuasive fact for finding sufficiency of notice that letter included "Re:" line styled in the manner of an actual, present controversy). Moreover, this letter actually refers to Gillespie's "claims," a clear indicia of the

possibility of commencement of legal proceedings.

■■ After receiving no response from Beesley's, Kilstein wrote a second letter, with similar content, dated May 27, 1994. This time, however, the letter specifically stated that "if we do not receive a response within ten days of this letter *we shall file suit.*" (emphasis added). Plaintiffs argue that the letter did not meet any of the *Richardson* factors. Once more, plaintiffs take an overly restrictive view of the *Richardson* factors. A written statement of intention to file a lawsuit should be a good indicator that the attorney believes his client possesses a right that can be vindicated at the expense of the recipient of the letter.[3] Again, this letter refers to Gillespie's "*claims* for personal injuries and property damages," a term commonly used to describe the subject of a legal action.

Two weeks later, presumably after realizing that Beesley's had not responded, Kilstein, by letter dated June 10, 1994, wrote to the Claims Department at Indemnity Casualty Insurance Co. ("Indemnity"), Beesley's insurer. Kilstein informed Indemnity that "a preliminary investigation reveals that your insured was at fault for this accident" and asked for an acknowledgment of representation. The letter referenced the name of the "claimant," Gillespie, and the date of the accident. Several months later, Kilstein wrote to Indemnity again, by letter dated November 23, 1994. This time, the letter was addressed to the attention of Ken Burroughs ("Burroughs") and included the medical expenses "suffered by [his] client as a result of [Beesley's] negligence." The expenses totaled $5,346.00.

3. Plaintiffs contend that the May 27, 1994 letter was insufficient to confer notice under 46 U.S.C.App. § 185 because it did not inform the recipient of an actual or potential claim *"which may exceed the value of the vessel." See* Pl.Br. at 6 (relying on *In re Morania Barge No. 190, Inc.,* 690 F.2d 32, 34 (2d Cir.1982)). There are three problems with this argument. First, although it is true that the May 27, 1994 letter did not refer to the claim's amount, plaintiff did in fact received such notice later. In November 1994, by letter to its insurance carrier, plaintiffs were informed that Gillespie's medical expenses alone totaled over $5,300. The vessels involved in the accident are valued at only $4,300. Second, 46

U.S.C. § 185 itself does not require the writing to include the amount of the claim. Finally, *Morania,* the case on which plaintiffs rely for the proposition that an amount must be included, is distinguishable. In *Morania,* the claimants made specific representations in their complaint that the damages were less than the value of the vessel. Where the claimants have not affirmatively represented that the claim amount is less than the vessels' value, a letter's failure to confirm that the claims indeed exceed that value should not render the letter insufficient to trigger the six-month period. *See Big Deal, Inc. v. Pouchie,* 958 F.2d 367, CIV.A. No. 91–1650, 1992 WL 51311, at **3 n. 4 (4th Cir. Mar. 19, 1992).

Plaintiff contends that the letters to Indemnity could not constitute notice because Indemnity was not an agent authorized to receive notice of a claim on behalf of Beesley's. It is settled that notice of a claim may be received by an agent of the vessel owner. *Diamond v. Beutel,* 247 F.2d 604 (5th Cir.1957). However, the agent must have sufficient authority to receive notice. *See Doxsee,* 13 F.3d at 554 (finding that letter from claimant's attorney to vessel owner's insurance adjuster was sufficient because vessel owner had clothed insurance adjuster with apparent authority); *Diamond,* 247 F.2d 604 (finding that boat owner's action in referring any claims for injuries or medical bills for injuries suffered in boat accident to insurance agent with whom passenger's attorney filed written notice of claim established the time from which the six-month limitation period began to run for boat owner to file petition for limitation of liability pursuant to 46 U.S.C.App. § 185).

An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent. *See Sears Mortgage Corp. v. Rose,* 134 N.J. 326, 337, 634 A.2d 74, 79 (1993). There need not be an agreement between the parties specifying an agent relationship. *See id.* Authority can be "inferred from the nature or extent of the function to be performed, the general course of conducting the business, or from the particular circumstances of the case." *See id.* at 338, 634 A.2d 74 (quoting *Carlson v. Hannah,* 6 N.J. 202, 212, 78 A.2d 83, 88 (1951)). If a entity is not an actual agent, it can be an agent by virtue of apparent authority based on "manifestations of that authority by the principal." *See id.* at 338, 634 A.2d 74. Of particular importance is whether a third party has relied on the agent's apparent authority to act for a principal. *See id.*

There are several facts in the record, which took place at the time the disputed claim letters were written, which support a finding that Indemnity had the apparent and actual authority to accept notice of a claim against Beesley's. First, a boating accident report, which was filled out three days after the accident, on July 11, 1993, names Indemnity Casualty as Beesley's insurer. *See* Kilstein Aff. Ex. F. The name of the insurer could only have been supplied by a Beesley's representative. Kilstein avers that sometime between the time he wrote to Indemnity and November 1994, Burroughs contacted him via telephone. *See* Kilstein Aff. ¶ 11. During the conversation, Kilstein states that he and Burroughs discussed Gillespie's claims and that Burroughs requested an itemization of medical expenses. *See id.* The medical expenses were forwarded by Kilstein to Burroughs by letter dated November 23, 1994.

In addition, there has been more recent conduct that supports a finding of agency. Beesley's attorney, Carl N. Tripician, stated in a letter dated November 15, 1995, that he was "authorized by the insurance carrier for Beesley's ... to resolve [the] respective claims" of Gillespie and Cook. Although this letter was written later, it serves as evidence that Beesley's and the insurance company were handling the claims in tandem. Further, in 1995 and early 1996, Burroughs was repeatedly copied on letters exchanged between counsel for Beesley's and counsel for the claimants. *See* Letter from Tripician to Mark D. Mungello ("Mungello"), attorney for Gillespie, of 11/15/95; Letter from Tripician to Mungello of 9/11/95; Letter from Tripician to James E. Mulroy, attorney for Magro, Michael J. Weiss ("Weiss"), attorney for Cook, Robert A. DeLuca, attorney for Hally, and Mungello of 11/20/95; Letter from Tripician to Mungello and Weiss of 1/30/96. From all of this evidence, we conclude that Indemnity had both the apparent and actual authority to receive notice of claims against Beesley's.

Plaintiff argues that even if the court concludes that Indemnity had the authority to receive notice, the court should find that the content of the letters was insufficient to constitute notice. Plaintiff contends that the letters fail to meet any of the *Richardson* factors. Plaintiff further contends that neither letter provides notice of an actual or potential claim which may exceed the value of the vessels.

■ Plaintiff's contentions are contrary to the plain language of the letters. The June 10, 1994 letter specifically states that an investigation revealed that "your insured was at fault for this accident." Even more convincing is the wording of the November 23, 1994, letter, in which Kilstein states that Gillespie's medical "damages" were "a result of your insured's negligence." A letter in which claimant's counsel offers specific medical expenses and states the insured's negligent conduct is to blame for their incurrence provides sufficient notice of a potential lawsuit. *Contra Richardson*, 850 F.Supp. at 555 (finding that letter from Army Corp. of Engineers seeking information about seagrass for use in seagrass damage investigation insufficient notice because letter failed to provide opinion about what caused the acts inquired about, or to instruct the owner to refer the matter to his legal representative because of the negligence of the owner's employees); *In re J.E. Brenneman Co.*, 157 F.Supp. 295, 297 (E.D.Pa.1957) (holding that document that listed the extent of the damages to pier was insufficient to constitute written notice because it did not inform vessel owner of claimant's demand of right, blame owner for damages, or call upon owners for something due).

■ In this case, unlike in *Brenneman*, the itemization of the medical expenses provides clear evidence that Gillespie sought monetary damages from Indemnity or Beesley's and that he blamed Beesley's for his injuries. *See Doxsee*, 13 F.3d at 554 (citing itemization of medical expenses as sufficient notice of reasonable possibility that substantial damages claim would be brought). Moreover, this letter, unlike the one in *Richardson* does provide an opinion about what caused Gillespie's injuries (an accident involving Beesley's) and does offer a theory of liability (Beesley's negligence). Finally, the listing of medical expenses totaling over $5,300 put Beesley's on notice that the potential claim exceeded the value of the vessels involved ($4,300). Accordingly, we find that the content of the letters was sufficient to confer notice and begin the six-month period, thereby barring plaintiff's instant petition.

■ Finally, even if we disregarded the letters written to the insurance company, the letters written to Beesley's itself are by themselves sufficient to constitute notice. The letters referenced the name of a lawsuit against Beesley's, referred to Gillespie's "claims," and threatened legal action. We are confident that Beesley's, as owners and operators of jet-skis, were aware that Gillespie intended to file a lawsuit against them to recover for his alleged injuries. Because Beesley's failed to file for limitation of liability in a timely fashion, it violated 46 U.S.C.App. § 185 and the instant complaint is hereby dismissed. An appropriate order will issue on even date herewith.

### ORDER OF DISMISSAL

This matter having appeared before the court on defendants' motion to dismiss the instant complaint for failure to comply with 46 U.S.C.App. § 185, the court having reviewed the submissions of the parties, and having heard oral arguments, for the reasons set forth in an opinion issued on even date herewith,

**IT IS** on this 20th day of February, 1997,

**ORDERED THAT:**

Plaintiff's complaint is hereby **DISMISSED.**