In the Matter of THE COMPLAINT OF UFO CHUTING OF HAWAII, INC., dba UFO Parasail, a Hawaii Corporation, regarding the vessel UFS, Official Number 1065472–Complaint for Exoneration from or limitation of liability, and All Related Matters.

No. 01CV00087.

United States District Court, D. Hawai'i.

Dec. 21, 2001.

---

Dennis Niles, Paul Johnson Park & Niles, Honolulu, HI, for UFO chuting of Hawaii, Inc.

William M. McKeon, Paul John Park & Niles, Wailuku, HI, for UFO Parasail,

Peter T. Cahill, Cahill & O'Neill, Wailuku, HI, for Jane Bartlett.

Paul K. Hoshino, Honolulu, HI, for Phoenix Rope & Cordage Co., Gladding Braided Products.

Timothy P. McNulty, Kihei, HI, for Mark Bailey.

### ORDER DENYING MOTION TO DISMISS

MOLLWAY, District Judge.

## I. INTRODUCTION.

In November 1998, Mark Bailey ("Bailey") and Jane Bartlett ("Bartlett") went parasailing. Unfortunately for them, the rope that attached them to the boat snapped, causing Bailey and Bartlett to fall into the water (the "Accident"). They were shortly thereafter picked up by the boat and then went back up for another parasailing ride that same day. *See* "Incident Report" attached to the Declaration of Greg Vanderlaan (Nov. 28, 2001).

Bailey and Bartlett hired separate attorneys, both of whom wrote to UFO Chuting of Hawaii, Inc. ("UFO"), the company that owned the boat used during Bailey and Bartlett's parasailing activity. The letters sent by the attorneys notified UFO of the Accident and stated that Bailey and Bartlett had suffered injuries as a result. Bailey and Bartlett subsequently filed suit in state court.

UFO, in this action and in its answer to the state court complaint, asserts a right to have its liability for the Accident limited pursuant to federal law. Bailey and Bartlett have moved to dismiss this action on the ground that it is untimely. They argue that UFO failed to seek to limit its liability within six months of receiving the attorneys' letters, which Bailey and Bartlett say provided UFO with written notice of their claims. The court finds that the letters Bailey and Bartlett rely on did not provide notice sufficient to start the running of the six-month limitation period. The motion is therefore denied.

## II. BACKGROUND FACTS.

Bailey's attorney wrote two nearly identical letters to UFO in December 1998. *See* Exs. 1 and 2. Both letters stated that "Mark has suffered several injuries, including back injuries, from the fall. Please forward this letter immediately to each of your respective insurance carriers." *Id.*

On March 30, 1999, Bartlett's attorney wrote to UFO. *See* Ex. 3. That letter stated that the law firm had been retained to bring a claim against UFO for injuries received by Bartlett in the Accident. *Id.* It went on to say that Bartlett "continues to suffer from the injuries she received in this incident and is incurring substantial medical expenses." *Id.* It then asked UFO to notify its insurance carrier immediately. *Id.*

On June 7, 1999, Bartlett's attorney wrote to UFO's insurance company, Paradigm Insurance Company, informing it that his "client's injuries are continuing to cause significant pain and discomfort, and

substantial medical expense." *See* Ex. 4. The insurance company responded by requesting "information related to the nature of ... [the] claim, including any and all medical records and bills." *See* Ex. 5. There is insufficient evidence in the record to establish that the insurance company was acting as UFO's agent. There is also no evidence in the record indicating that Bartlett provided the insurance company with the requested information regarding her injuries.

On or about October 6, 2000, Bailey and Bartlett filed a state court action arising out of the Accident. On January 31, 2001, within six months of the filing of the complaint, but more than six months after the letters were sent to UFO and its insurance company, UFO filed this action for exoneration from or limitation of liability. Concurrently, UFO filed an *ad interim stipulation for value* that indicated that the boat and its cargo at the time of the accident was worth $25,208.[1]

### III. *STANDARD OF REVIEW.*

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer subject matter jurisdiction on the court, or may attack the existence of subject matter jurisdiction in fact.[2] *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Thornhill*, 594 F.2d at 733. The present motion is a factual attack on this court's subject matter jurisdiction. Accordingly, this court may accept and evaluate evidence to determine whether jurisdiction exists.

UFO has the burden of proving that jurisdiction does in fact exist. *Thornhill*, 594 F.2d at 733. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 926 (9th Cir.1996).

### IV. *ANALYSIS.*

The Limitation of Liability Act of 1851, 46 U.S.C.App. §§ 181–96 (amended 1936), was an effort by Congress to provide American shipowners with benefits equal to those of foreign competitors. *Vatican Shrimp Co. v. Solis*, 820 F.2d 674, 677 (5th Cir.1987). Under the act, a vessel owner can restrict its liability arising from any occurrence for which the vessel is liable to the value of the vessel and its then pend-

---

1. Paradigm Insurance Company has guaranteed the payment of $25,208 should UFO be found liable for Bailey's and Bartlett's injuries. The insurance company, however, has apparently become insolvent. *See* UFO's scheduling conference statement (April 30, 2001). The parties may bring further motions to discuss the effect of the insurance company's insolvency on the sufficiency of the security in this action, as well as to discuss whether this action should be stayed. UFO asserts that its insurer's insolvency does not require a stay.

2. Whether a limitation action is filed within six months is an issue that goes to this court's subject matter jurisdiction. *See, e.g., Tom-Mac, Inc. v. Biela*, 76 F.3d 678, 682 (5th Cir.1996) (analyzing the six-month limitations period as a jurisdictional matter).

ing freight. *Id.* There are two ways to restrict liability. The first involves filing a petition for limitation of liability in a federal district court pursuant to 46 U.S.C.App. § 185, as UFO has done here.[3] The second involves asserting limitation of liability as an affirmative defense pursuant to 46 U.S.C.App. § 183, as UFO has apparently done in the tort action filed in state court.[4] *See Grindle v. Fun Charters, Inc.*, 962 F.Supp. 1284, 1286 (D.Haw.1996).

The first manner of restricting liability involves certain procedural requirements. One of these requirements is that the owner of a vessel petition this court to limit its liability with respect to a written claim withApp.in six months of receiving that claim.[5] 46 U.S.C.App. § 185; Rule F(1), Supplemental Rules for Certain Admiralty and Maritime Claims. The six-month limitation period is designed to preclude undue delay and expenses. *Jung Hyun Sook v. Great Pac. Shipping Co.*, 632 F.2d 100, 102 (9th Cir.1980).

The requirements are not clear regarding what must be sent to owners of vessels to start the running of the six-month period. *See Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir.1994). At a minimum, "a notice which begins the six-month statute of limitations must be a notice of a claim subject to limitation." *Jung Hyun Sook*, 632 F.2d at 102. Otherwise, an unnecessary burden would be placed on the owners and the courts by forcing the filing of an action to limit liability and the post-

ing of security whenever any injury occurs, no matter how trivial. *Id.* at 103.

The Second Circuit has explained that notice "will be sufficient if it informs the vessel owner of an actual or potential claim which may exceed the value of the vessel, and is subject to limitation." *Doxsee*, 13 F.3d at 554 (internal citations omitted). *Accord In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 829 (7th Cir.1996) ("a letter sent to a shipowner by a claimant is sufficient to trigger the six-month period if (1) it informs the shipowner of an actual or potential claim (2) which may exceed the value of the vessel (3) and is subject to limitation") (citing *Doxsee*, 13 F.3d at 554). The Second Circuit has stated that this six-month period gives owners of vessels time to investigate whether the amount of the claim or other claims likely to be the subject of litigation arising out of the same occurrence may exceed the value of the ship. *In re Morania Barge No. 190, Inc.*, 690 F.2d 32, 33–34 (2d Cir.1982). "If such an excess appears reasonably possible, [the owner] will be barred from taking advantage of the right to limit [the owner's] liability unless [the owner] files his petition within the six-month period." *Id.* at 34. *Accord In re: Tom–Mac, Inc.*, 76 F.3d 678, 683 (5th Cir.1996) ("written notice of a claim sufficient to begin the interval is one which reveals a 'reasonable possibility' that the claim made is one subject to limitation") (citing *Morania*, 690 F.2d at 34).

---

**3.** Section 185 states: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability ...." 46 U.S.C.App. § 185.

**4.** Section 183 states in pertinent part that the "liability of the owner of any vessel ... done, occasioned, or incurred, without the privity

or knowledge of such owner ..., shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183(a).

**5.** To invoke section 185, a shipowner must also post with the court approved security equal to the amount or value of the interest of such owner in the vessel and the freight. *See* 46 U.S.C.App. § 185; *Grindle*, 962 F.Supp. at 1286.

Bailey and Bartlett argue that their letters qualify as claims that trigger the six-month limitations period. The court disagrees, as the letters are insufficient to put UFO on notice that Bailey and Bartlett were potentially making a claim against UFO for more than $25,208, the value of the boat and its then pending cargo.

The letters from Bailey's attorney are clearly insufficient to provide UFO with notice that Bailey was making a claim that exceeded the value of the vessel as they merely stated that Bailey "has suffered several injuries, including back injuries." *See* Exs. 1 and 2. There is no description in the letters as to the severity of Bailey's injuries, the amount of treatment Bailey had undergone for those injuries, or the pain and suffering Bailey underwent as a result. Nor does the letter clearly inform UFO that Bailey is making a claim against it. At most, the letter asks that UFO forward the letter to its insurance carrier. *Id.*

Although Bartlett's letter has more detail than Bailey's letters, Bartlett's letter is also insufficient to put UFO on notice that Bartlett is making a claim with a reasonable possibility of exceeding $25,208. Bartlett's letter purports to give "NOTICE OF CLAIM." Ex. 3. It states that Bartlett's attorneys were retained to bring a claim against UFO on her behalf because "Bartlett continues to suffer from the injuries she received in this incident and is incurring substantial medical expenses." Bartlett's letter nevertheless is insufficient to put UFO on notice that her claims potentially exceed $25,208. *See Doxsee,* 13

F.3d at 554; *Morania Barge,* 690 F.2d at 33–34. Bartlett fails to explain in the letter what injuries she received as a result of the Accident. Nor does she define what she means by "substantial medical expenses." Given UFO's knowledge that both Bailey and Bartlett immediately went back up for another parasailing ride, UFO could justifiably conclude that any alleged injuries were minor. Based on what it learned about the Accident, UFO, absent specific information, had no reason to think that any claim(s) would exceed the value of the boat. Bartlett needed to do more than just say that she had incurred substantial medical expenses, as "substantial" could be interpreted as meaning only a few hundred or a couple of thousand dollars, if that, under the circumstances.[6]

Bailey and Bartlett rely heavily on two cases, neither of which establishes that their letters constituted notice of claims. In *Diamond v. Beutel,* 247 F.2d 604, 605 (5th Cir.1957), a child was hurt when a 23-foot speedboat "grounded in the waters of the Indian River." A notice was sent to the boat owner's insurance carrier, as directed by the boat owner. UFO gave no such direction here. The notice sent to the insurer in *Beutel* stated that the child had lost several teeth and had a permanent scar made when her teeth came through her lip. *Id.* The Fifth Circuit determined that the notice to the insurance carrier was sufficient to start the running of the six-month limitation period. *Id.* at 607. The injured child in *Beutel* clearly suffered significant injuries known

---

**6.** The court notes that correspondence went back and forth between Bartlett and Paradigm Insurance Company. However, there is no evidence in the present record indicating that the insurance company was acting as UFO's agent, or that correspondence with the insurance company constituted notice to UFO. *See Doxsee Sea Clam Co. v. Brown,* 13 F.3d 550, 553 (2d Cir.1994) ("It is settled that

a notice of claim may be received by an agent of the vessel owner"). In any event, Bartlett's letter to the insurance company is not materially different from the letter to UFO. *Compare* Ex. 3, *with* Ex. 4. Nor is there any evidence in the record indicating that UFO or the insurance company knew how seriously Bartlett may have been injured.

to the owner of the boat. From even before the notice was sent, the boat owner knew that damages could exceed the value of the speedboat and its then pending freight. In the present case, by contrast, both Bailey and Bartlett appeared uninjured at the time of the Accident. Both immediately went back up for a second parasailing ride. UFO, therefore, needed more detail from Bailey and Bartlett if UFO was to be able to determine that their claims might exceed the value of the boat.

*Donnelly v. Brown,* 230 F.2d 169 (6th Cir.1956), is similarly distinguishable. In that case, the boat owner received a letter from the parents of a child who was killed when he fell into an Ohio river and drowned. The boat owner argued that the letter did not amount to a claim because, under Ohio law, only the personal representative of a decedent (and not his parents) could bring a wrongful death action. *Id.* at 171. The Sixth Circuit rejected the boat owner's argument, holding that, although the parents could not personally bring a wrongful death action, they were the real parties in interest and could make claims as long as those claims were enforced in the name of an administrator. *Id.* The *Donnelly* court assumed that a wrongful death claim of $25,000 (for a 1952 death) exceeded the value of the vessel and its pending freight. In the present case, the value of the boat is also approximately $25,000. However, the similarities with *Donnelly* stop there. Unlike the plaintiffs in *Donnelly,* Bailey and Bartlett did not make a claim for a specific amount. No one is even arguing that their injuries are life-threatening. Given their decision to continue to parasail after the accident, UFO had no notice equivalent to that in *Donnelly.*

The cases cited by Bailey and Bartlett in their reply are equally unavailing. For example, in *Doxsee,* 13 F.3d 550, the Second Circuit determined that letters sent to the boat owner sufficiently put the owner on notice that the value of the vessel would be exceeded. *Doxsee* stated that the letters of notice should be read·in their entirety and considered in their "whole tenor" for purposes of determining whether sufficient notice was given. In *Doxsee* the notice not only informed the boat owner that a claim was being asserted against it, but also contained an itemization of medical bills in excess· of $110,000. *Id.* at 554. The court concluded that these medical bills were sufficient to inform the boat owner that a substantial personal injury claim was being made and that the claim may have exceeded the value of the vessel, which was $350,000. The substantial medical bills clearly indicated that serious injury was involved. In the present case, by contrast, there is no itemization or total of medical bills, only a reference to "substantial medical expenses." Given the "whole tenor" of all of the letters, and the decision by Bailey and Bartlett to continue to parasail right after the Accident, the court finds *Doxsee* distinguishable. An unsubstantiated reference to "substantial medical expenses" does not indicate potential claims in excess of $25,208.

Nor does *In re Southcoast Watersport Rentals, Inc.,* 954 F.Supp. 260 (S.D.Fla. 1996), also relied on by Bailey and Bartlett, demonstrate that UFO's lawsuit is untimely. In *Watersport,* a person was injured in a jet ski accident. The claimant's attorney sent a letter to the owner of the jet ski, informing the owner that the injury resulted from negligence on the part of the party that had offered the jet ski for rent. The letter asked the owner to contact the claimant's attorney to discuss settlement of the claim. *Id.* at 261. The *Watersport* court did not specifically examine the extent of the injuries in comparison to the value of the boat. However, this court notes that a jet ski is a small,

one-person machine that is manifestly of limited value. One might argue that almost any notice of any injury might be sufficient to put a jet ski owner on notice that the value of the jet ski was in issue. Whether such an argument should prevail or not, that argument could clearly not be advanced with respect to UFO's boat. Moreover, the *Watersport* court was not asked to decide the sufficiency of the notice under facts similar to those here. Nothing in that case indicates that the jet ski owner had reason to think that the plaintiff had gotten right back on the jet ski and continued to operate it after the accident.

Because the court finds that none of the letters, either above or collectively, constitutes sufficient notice of claims potentially exceeding $25,508, the court finds that UFO timely filed this action. Because UFO has asserted the limitation of liability in § 183 as an affirmative defense in the state court proceeding within six months of the filing of that lawsuit, this court need not address the issue of whether, under § 183, UFO must assert an affirmative defense within six months of receiving notice of a claim.

## V. *CONCLUSION.*

The motion to dismiss is denied because the letters purporting to give UFO notice of the claim do not sufficiently demonstrate a potential claim in excess of $25,208, the value of the boat and its then pending freight.

IT IS SO ORDERED.