**In re Mark LEWIS.**

**Civil Action No. 99–390–B–M3.**

United States District Court, M.D. Louisiana.

Jan. 18, 2002.

Kenneth Hugh Laborde, Leo Raymond McAloon, II, Pulaski, Gieger & Laborde, New Orleans, LA, for Mark Lewis.

Joseph Jerry McKernan, Gordon J. McKernan, John H. Smith, McKernan Law Firm, Baton Rouge, LA, for Robert Terry Daniel, Sandra Daniel, claimants.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on defendants' Motion for Summary Judgment.[1] Plaintiff, Mark Lewis, has petitioned this Court for Exoneration from or Limitation of Liability.[2] Defendants in limitation, Robert Terry and Sandra Daniel, individually and on behalf of their minor daughter Dianne Daniel, seek summary judgment on the basis that the petition for limitation of liability was not timely filed.[3] For reasons which follow, defendants' motion for summary judgment is granted.

### Background

On May 25, 1998, Mark Lewis's vessel, "Wellcraft Scarab" operated by Andrew Monistere, collided with Robert Terry Daniel's vessel. Mr. Daniel was operating his vessel with his daughter Dianne as a passenger. Both Mr. Daniel and his daughter sustained serious injuries.

On July 6, 1998, the Daniels' attorney, Gordon J. McKernan, wrote a letter to Mark Lewis informing Mr. Lewis of the accident, the injuries sustained and the Daniels' intent to seek damages.[4] Mark Lewis received this letter on July 13, 1998 by certified mail.[5] The Daniels then filed suit in state court on March 1, 1999. On May 12, 1999, Mark Lewis filed a petition for limitation of liability pursuant to 46 U.S.C. § 181, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims.[6] The Daniels then

---

1. Rec. Doc. No. 15.

2. Rec. Doc. No. 1.

3. Rec. Doc. No. 15.

4. Id., Exhibit A. A full copy of this letter is attached as an appendix of this opinion as Exhibit A.

5. Id., Exhibit B.

6. Rec. Doc. No. 1.

filed the pending motion for summary judgment.

## Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[10]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[11] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[12] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[13] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[15]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[16]

## Law and Analysis

■ The Limitation of Vessel Owner's Liability Act[17] provides that petitioners wishing to seek limitation of liability must file this action within six months of receiv-

---

7. Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir.1996).

8. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).

9. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2552).

10. *Little*, 37 F.3d at 1075.

11. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996).

12. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

13. *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

14. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir.1995).

15. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

16. *Id.*, 477 U.S. at 248, 106 S.Ct. at 2510.

17. 46 U.S.C.App. §§ 181–196.

ing written notice from the claimant.[18] This time period is a statute of limitations and bars potential petitioners from filing such petitions after the six month period has elapsed. All claims filed after the six month period should be dismissed as being untimely.[19]

There is no dispute between the parties as to the facts of this case. Mark Lewis agrees with the Daniels as to all of the relevant dates including the date of the letter mailed to and received by Lewis and the filing of the state court suit. Mr. Lewis acknowledges that his petition was filed well over six months from his receipt of the letter from the Daniels' attorney but less than six months from the time the state court suit was filed. The only issue in dispute is whether the letter of July 6, 1998 establishes sufficient notice to begin the running of the six month period found in 46 U.S.C.App. § 185.[20]

Although the Fifth Circuit has not specifically addressed the requirements for written notice in this type of action, several other districts, including court the Eastern District of Louisiana have.[21] The following principles are well established. The written notice of the claim may be in the form of a letter.[22] The letter must inform potential defendants of: the facts of the incident; the claimant's

belief that the vessel owner is to blame for the damage; and, the claimant's intention to seek damages from the vessel owner. The letter must also "reveal a 'reasonable possibility' that the claim made is one subject to limitation."[23] Every letter must be analyzed for its specific content to determine if there is sufficient notice.[24] A letter that does not advise a potential defendant, who is a potential petitioner in limitation, of these points does not constitute sufficient notice.[25] Courts have found that letters which do not blame the vessel owner for damages or make some indication that the claimants would be seeking damages from the vessel owner are insufficient.[26]

In the July 6, 1998 letter to Mark Lewis, the attorney for the Daniels informed Mr. Lewis of the necessary details. The letter states that there was an accident on May 25, 1998 which resulted in serious injuries to the Daniels'. It also alleges that Mr. Lewis is the owner of the boat in the accident. The letter also states the Daniels' intention to sue Lewis for their damages sustained in the accident:

> We intend to seek damages for this *from you and/or the insurance company* insuring your boat, if there is one. Finally, we believe that this is a serious claim with a large judgment potential.[27]

Mr. Lewis contends that the letter is not adequate to "lead him to believe that the

---

18.  46 U.S.C.App. § 185.

19.  *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843 (5th Cir.1989). *See also Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., et al.*, 107 F.2d 373 (4th Cir.1939).

20.  Rec. Doc. No. 19.

21.  *In re Specialty Marine Services, Inc.*, 1999 WL 147680 (E.D.La.1999).

22.  Although filing of suit would constitute written notice, it is not required. *Complaint of Bayview Charter Boats, Inc.*, 692 F.Supp. 1480 (E.D.N.Y.1988).

23.  *Specialty Marine*, 1999 WL 147680 at *1. (*Citing Complaint of Tom–Mac, Inc.*, 76 F.3d 678, 683 (5th Cir.1996)).

24.  *Complaint of Beesley's Point Sea–Doo, Inc.*, 956 F.Supp. 538 (D.N.J.1997). *See also, Specialty Marine*, 1999 WL 147680.

25.  *Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412 (S.D.N.Y. 1989).

26.  *Matter of Texaco, Inc.*, 1991 WL 267752 (E.D.La.1991).

27.  Rec. Doc. No. 15, Exhibit A (emphasis added).

claims were subject to the Limitation of Shipowners' Liability Act." [28] Mr. Lewis alleges that he did not "believe that the Daniels had any right to bring a claim against him" and, therefore, he was not on notice to file a petition for limitation.[29] Petitioner's subjective belief of the validity of the claim against him is simply not part of the written notice test. Personal injury claims are subject to limitation.[30] Mr. Lewis did not have to believe that the claim against him was valid. He only needed to be informed that there was a claim for damages regarding which he may be sued. The July 6, 1998 letter fully complies with the requirements set forth in the jurisprudence. Thus, the six-month period to file a limitation of liability claim began to run on July 13, 1998. There is no dispute that the suit was not filed until well after the six-month period had run.

### Conclusion

The letter received on July 13, 1998 fulfills all of the requirements of notice to the vessel owner. This Court finds that Mark Lewis's petition for exoneration from or limitation of liability is untimely. Because there are no issues of material fact and the defendants are entitled to summary judgment as a matter of fact and law, defendants' motion for summary judgment shall be granted.

Therefore:

IT IS ORDERED that the defendants' motion for summary judgment [31] be and it is GRANTED.

Judgment shall be entered accordingly.

---

**28.** Rec. Doc. No. 19 at 4–5.

**29.** Id. at 6.

**30.** *Texaco,* 1991 WL 267752 at *1.

