958 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BIG DEAL, INCORPORATED, as owner of the F/V Big Deal in a
cause of exoneration from or limitation of
liability, Plaintiff-Appellant,
v.
Ronald Linley POUCHIE, Defendant-Appellee.
 No. 91-1650.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1992.
Decided March 19, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-90-1759-K)
 Argued: J. Paul Mullen, Lord & Whip, P.A., Baltimore, Maryland, for Appellant.
 Robert Marc Schwartzman, Resnick & Abraham, Baltimore, Maryland, for Appellee. On Brief: Robert S. Magnuson, LORD & WHIP, P.A., Baltimore, Maryland, for Appellant. Murray I. Resnick, Marcie B. Wendell, Resnick & Abraham, Baltimore, Maryland, for Appellee.
 D.Md., 765 F.Supp. 277.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After Ronald Pouchie filed a Maryland state court action against Big Deal, Inc., seeking compensation for injuries allegedly resulting from an accident which occurred aboard a fishing trawler owned by Big Deal, Inc., the defendant corporation brought this action under 46 U.S.C. § 185 to limit its liability to the value of the trawler. The district court dismissed the petition, holding that Big Deal, Inc., had filed its petition after the six month statutory time limit[1] had passed. Big Deal, Inc., appeals. We affirm.
 
 
 2
 * Big Deal, Inc., and Merritt Seafood Company, Inc., are owned by members of the Merritt family and headquartered in Pompano Beach, Florida. Big Deal, Inc., owns and operates a fishing trawler named the Big Deal 78, and Merritt Seafood apparently purchases seafood caught from the trawler. Ronald Pouchie claims that while working aboard the trawler on December 15, 1988, he fell and suffered severe injuries which rendered him quadriplegic and that Big Deal, Inc., is liable for his injuries. Big Deal, Inc., contends that there is a factual issue of how and when Pouchie's injuries occurred. The cause of Pouchie's injuries, however, is not at issue here; we are concerned only with Big Deal, Inc.'s, petition to limit its liability to the value of the trawler. The single issue we must resolve is whether Big Deal, Inc., received notice of Pouchie's claim more than six months before it filed this action.
 
 
 3
 On January 27, 1989, one month after Pouchie's injury, his attorney sent a letter to Merritt Seafood Company which stated:
 
 
 4
 This is to notify you that I represent Ronald Linley Pouche [sic] who sustained injuries on or about December 15, 1988, while employed aboard the Big Deal 78. Claim is hereby made for payment of lost wages, unearned wages, maintenance and cure, and damages.
 
 
 5
 If you carry insurance, please have your insurance carrier contact me immediately. If you do not carry insurance, please call me promptly.
 
 
 6
 Apparently because Merritt Seafood Company was not the owner of the trawler, Big Deal, Inc.'s, insurance agent, Gateway Insurance Company, was given the correspondence and responded by letter on February 7, 1989:
 
 
 7
 This will acknowledge your January 27, 1989 correspondence directed to Merritt Seafood Company who has forwarded same to us for response.
 
 
 8
 Please be advised that we are the insuring agent for "BIG DEAL, INC" and have reported this incident to their insurance company, Talbot-Bird.
 
 
 9
 By copy of this letter to Talbot-Bird, we are requesting that contact be made with you direct.
 
 
 10
 The next correspondence was from attorney J. Paul Mullen to Pouchie's attorney, dated March 29, 1989. This letter informed Pouchie that Mullen had been hired to "represent the F/V BIG DEAL and the Merritt Seafood Company in connection with [Pouchie's] claim...." Mullen's letter also requested further information about the accident.
 
 
 11
 Pouchie's attorney responded by letter dated the next day, March 30, 1989, stating in pertinent part:
 
 
 12
 As stated in my letter, Mr. Pouchie sustained injuries on or about December 15, 1988, while employed aboard the BIG DEAL 78. These injuries resulted from the unseaworthiness of said vessel and the blatant negligence of the owners and operators of said vessel. The Captain of the vessel, David Marks, was fully aware of the injuries sustained by our client.
 
 
 13
 Mr. Pouchie received treatment in Miami General Hospital and subsequent treatment at the University of Maryland Shock Trauma Unit.
 
 
 14
 We are attempting to obtain all medical records and will be glad to provide same to you when they are obtained.
 
 
 15
 We, again, request that maintenance and cure benefits be promptly paid.
 
 
 16
 Two weeks later, on April 14, 1989, Mullen responded by letter, stating that his investigation did not agree with Pouchie's claim that he was injured while aboard the trawler. He also requested further information regarding the medical treatment received by Pouchie.
 
 
 17
 On May 12, 1989, Pouchie's attorney sent Mullen copies of seventy pages of bills from the University of Maryland Medical System and a brief letter which stated, "Enclosed please find a partial list of medical bills which we received from the State of Maryland which exceed $107,000.00 so far." Mullen responded by letter dated May 24, 1989, acknowledging receipt of the medical bills, but requesting additional medical information.
 
 
 18
 There was no further correspondence between the parties until January 4, 1990, when Pouchie's attorney sent Mullen a courtesy copy of the state court complaint. Big Deal, Inc., was officially served with Pouchie's complaint on January 23, 1990. On June 29, 1990, Big Deal, Inc., filed its complaint and petition for exoneration from or limitation of liability below.
 
 
 19
 The district court granted Pouchie's motion for summary judgment, concluding that Big Deal, Inc., received written notice of the claim more than six months before the action was filed.
 
 II
 
 20
 On appeal, Big Deal, Inc., contends that it was not put on notice of Pouchie's claim until it received a copy of Pouchie's state court complaint because the earlier correspondence only gave notice of Pouchie's claim to the Merritt Seafood Company and the vessel itself. It argues alternatively that the earlier correspondence was not specific enough to provide notice of Pouchie's claim. We perceive no merit in either argument.
 
 
 21
 Big Deal, Inc., contends that, because Mullen only identified himself as the attorney for "the F/V BIG DEAL and Merritt Seafood Company", he was not the attorney for Big Deal, Inc., during the correspondence. We share the view of the district court, however, that the only common sense interpretation of the facts leads to the conclusion that Mullen was serving as an agent of Big Deal, Inc., during the period of time when the correspondence took place.[2] Accordingly, any notice he received was imputed to Big Deal, Inc. We also believe that the notice to Big Deal, Inc.'s, insurance agent constituted notice to it as the insured.[3]
 
 
 22
 We also reject Big Deal, Inc.'s, second argument, that the letters were "insufficient" to put Big Deal, Inc., on notice of Pouchie's claim. We conclude that these letters were "sufficient to give the petitioner all details of the situation with regard to the claim." Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co., 107 F.2d 373, 376 (4th Cir.1939). They informed Big Deal, Inc., of the date of the accident and referred it to the captain of the vessel for further details. It was able to perform its own investigation and to determine whether Pouchie's claim held sufficient merit so as to justify the expense of filing a petition to limit liability. As the last letter between Pouchie and the attorney for Big Deal, Inc., was dated more than a year before the petition below was filed, we agree with the district court that the petition was untimely filed.[4]
 
 
 23
 Accordingly, we affirm the decision of the district court.
 
 AFFIRMED
 
 
 [1]
 See 46 U.S.C. § 185 which provides: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter...."
 
 
 [2]
 Although not directly probative, it is noteworthy that Mullen represented Big Deal, Inc., in the district court and in this appeal
 
 
 [3]
 Big Deal, Inc., cites In re Anthony O'Boyle, Inc., 51 F.Supp. 430 (S.D.N.Y.1943), in support of its claim that notice to a vessel's insurer alone does not trigger the six month limitation of 46 U.S.C. § 185. This case, of course, is easily distinguishable; notice here was given to the insurance agent of the corporation, not to the insurer of the vessel
 
 
 [4]
 Big Deal, Inc., also claims it did not receive sufficient statutory notice because Pouchie failed to provide information which would have led Big Deal, Inc., to conclude that the claim would have exceeded the value of the trawler. In our view, the statute does not impose any such burden on Pouchie. Of course, the situation might be different if Pouchie had affirmatively represented that his claim would not exceed the value of the vessel. See In re Morania Barge No. 190, Inc., 690 F.2d 32 (2d Cir.1982)