Nghia VAN LE, Plaintiff,

v.

FIVE FATHOMS, INC., Defendant.

In the Matter of the Complaint of FIVE FATHOMS, INC. as Owner of the FISHING VESSEL SUSAN L. for Exoneration from or Limitation of Liability.

Civ. A. Nos. 91–3168, 92–1725.

United States District Court,
D. New Jersey.

June 9, 1992.

William J. Griset Jr., Latti Associates, Boston, Mass., William Tomar, Tomar, Simonoff, Adourian & O'Brien, Haddonfield, N.J., for plaintiff.

Edward V. Catell, Clark, Ladner, Fortenbaugh & Young, Cherry Hill, N.J., for defendant.

## OPINION

BROTMAN, District Judge:

Presently before the court is plaintiff Nghia Van Le's motion to dismiss Five Fathoms Inc.'s ("Five Fathoms") complaint for exoneration from or limitation of liability and for relief from the April 24, 1992 stay imposed in Van Le's lawsuit against Five Fathoms. A hearing by telephone was held on June 8, 1992.

## I. FACTS AND PROCEDURE

On February 22, 1991, Nghia Van Le, filed a complaint in the United States District Court for the District of Massachusetts seeking damages from Five Fathoms, as owner of the F/V Susan L. Van Le alleges that in July, 1990, he suffered personal injuries as a member of the crew of the F/V Susan L. In the complaint, Van Le demanded judgment of $500,000.00 in Count I as a result of defendant's negligence and $500,000.00 in Count II as a result of the unseaworthiness of the vessel. In Count III of the complaint, Van Le also demanded $100,000.00 for maintenance and cure and $100,000.00 in punitive damages, attorney's fees and costs.

On July 12, 1991, the case was transferred to this court pursuant to 28 U.S.C. § 1404(a). In its answer to the complaint filed September 4, 1991, Five Fathoms did not plead limitation of liability as a defense to Van Le's claims.[1] Five Fathoms also sent its first set of interrogatories to Van Le on September 4, 1991.

On April 24, 1992, Five Fathoms filed a complaint for exoneration from or limitation of liability as the owner of the F/V Susan L. In its complaint, Five Fathoms alleges that Van Le and Thanh Nguyen, both represented by the same law firm, claim that they sustained injuries on the same voyage in July, 1990 as members of the crew of the F/V Susan L. Five Fathoms contends that the F/V Susan L is worth $550,000.00 and the pending freight for the voyage in which the alleged injuries occurred was worth $16,988.76 and that its liability for any injury caused by or resulting from the voyage of the F/V Susan L in July, 1990 is limited to the sum of these amounts, $566,988.76. Moreover, Five Fathoms contends that its complaint is timely in that it was filed within six months of the date it became aware of Nguyen's claim, January 30, 1992, and within six months of the date it received Van Le's written $1,000,000.00 settlement demand, February 18, 1992.

Based on the Five Fathoms complaint, the court issued a Restraining Order on April 24, 1992 which stayed the proceedings in Van Le's lawsuit against Five Fathoms until August 24, 1992.[2] The court's April 24, 1992 Order also required that public notice of a monition against all persons claiming injuries caused by or resulting from the July, 1990 voyage of the F/V Susan L be given by publication in the official newspaper for Cape May County, New Jersey.

## II. DISCUSSION

Pursuant to 46 U.S.C. § 183, "the liability of the owner of a vessel ... for any loss, damage, or injury ... without the privity or knowledge of such owner or owners shall not ... exceed the amount or value of the interest of such owner in the vessel, and her freight then pending." *Pennzoil Producing Co. v. Offshore Express, Inc.,*

---

1. Currently before the United States Magistrate Judge is Five Fathoms' motion to amend its answer to include a limitation of liability defense.

2. The court partially lifted the stay on May 1, 1992 to permit previously scheduled depositions of experts to take place. However, the United States Magistrate Judge cannot rule on Five Fathoms' motion to amend its answer to include a limitation of liability defense as long as the stay is in effect.

943 F.2d 1465, 1473–1474 (5th Cir.1991); *Complaint of Caribbean Sea Transport, Ltd.*, 753 F.2d 948, 949–950 (11th Cir.1985); *Complaint of Cirigliano*, 708 F.Supp. 101, 103 (D.N.J.1989). Within six months after a claimant shall have given to or filed with a vessel owner written notice of a claim, the owner may file a complaint in the district court for limitation of liability. 46 U.S.C. § 185; Fed.R.Civ.P.Supp. Rule F(1); *Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 677 (5th Cir.1987).

■ The "written notice of a claim" must inform the vessel owner of a claimant's intention to seek damages. *Complaint Petition of Big Deal, Inc.*, 765 F.Supp. 277 (D.Md.1991). Once a complaint for limitation of liability is filed, "all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C. § 185; *Complaint of Businelle Towing Corp.*, 539 F.Supp. 609, 610–611 (D.C.La.1982).

The sole issue that this court must decide is whether Five Fathoms was required to file its limitation of liability complaint within six months of receiving notice of Van Le's February 22, 1991 complaint. Since courts in the Third Circuit have not addressed the precise issue presented, the court will look to courts in other circuits for guidance.

■ Upon presentation of a claim, vessel owners have only one six-month period in which to file a limitation of liability complaint and later claims do not trigger additional filing periods. *Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 236 (9th Cir.1989). The limitations period begins to run "only upon its appearing that there is a reasonable possibility that the claims would exceed the value of the ship." *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir.1982).

When doubt exists as to whether the claims will exceed the value of the ship, the vessel owner will not be excused from complying with the six-month time bar. *Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412, 414 (S.D.N.Y.1989). The six-month period in which to bring a limitation of liability ac-

tion does not begin to run where "the claimant affirmatively states on the record that his total claims amount to a figure which is substantially less than the value of the ship and no other claims are in the offing." *Morania Barge* at 34; *Complaint of United States Lines, Inc.*, 616 F.Supp. 315, 317 (S.D.N.Y.1985).

■ In *Morania Barge*, the plaintiff stated in his complaint that he was seeking damages of $366,563.94, an amount substantially less than the $478,093.75 value of the vessel and freight. Over four years after suit was filed, plaintiff amended the complaint to increase the amount of damages to $2,500,000.00 which greatly exceeded $478,093.75. The Second Circuit held that the vessel owner could bring a limitation of liability complaint after the complaint was amended since that was when it was put on notice that the amount claimed would exceed the value of the vessel and freight. *Id.* at 33–34; *United States Lines* at 317.

In the Van Le lawsuit, Five Fathoms had notice of Van Le's claims for damages at the time the complaint was filed on February 22, 1991. Even if Van Le's negligence claim and unseaworthiness claim are pled in the alternative, the total amount of damages sought totalled $700,000.00. This amount exceeded the $566,988.76 value of the F/V Susan L and its freight.

Five Fathoms contends that it was not aware that the total amount of damages that Van Le was seeking exceeded $500,000.00 since the injuries alleged in all three counts of Van Le's complaint are identical and there is nothing to indicate that the damages are cumulative, rather than repetitious. Five Fathoms also contends that from its investigation, Van Le's demand for $100,000.00 for maintenance and cure is far greater than his actual entitlement.

As soon as a claim is filed, the vessel owner has a six-month period in "which to investigate whether the amount of the claim or other claims likely to be the subject of litigation arising out of the same occurrence may exceed the value" of the vessel and its freight. *Morania Barge* at

34. If Five Fathoms believed that the damages claimed were repetitious rather than cumulative, it had six months after it was notified of Van Le's complaint to inquire whether this was actually so in order to determine whether the amount of Van Le's claims would exceed the value of the vessel and its freight. Similarly, Five Fathoms should have inquired whether Van Le's claims for maintenance and cure, although possibly greater than his actual entitlement, would have exceeded the value of the vessel and its freight when combined with Van Le's other claims for damages within this same time period. Instead, Five Fathoms did not send its first set of interrogatories to Van Le until September 4, 1991, over six months after the complaint was filed, and waited until it became aware of Van Le's $1,000,000.00 settlement demand on February 18, 1992, almost a year after the complaint was filed, before deciding to file a limitation of liability complaint.

Since Five Fathom's limitation of liability complaint was not filed until April 24, 1992, the court will dismiss the complaint and lift the stay in the Van Le action.

## III. CONCLUSION

For the foregoing reasons, the court holds that Five Fathoms complaint is dismissed as untimely and the stay imposed in the Van Le action will be vacated. An appropriate order will be entered.

## ORDER

This matter having come before the court on plaintiff Nghia Van Le's motion to dismiss Five Fathoms' complaint for exoneration from or limitation of liability and for relief from the April 24, 1992 stay imposed in Van Le's lawsuit against Five Fathoms.

Having considered the submissions of the parties and the arguments of counsel; and

For the reasons set forth in the court's Opinion of this date;

IT IS on this 8th day of June, 1992 hereby

ORDERED that the Five Fathoms complaint, Civil Action No. 92–1725, is DISMISSED WITH PREJUDICE; and

FURTHER ORDERED that the stay imposed in Van Le's lawsuit, Civil Action No. 91–3168, by this court's Restraining Order is VACATED.

No costs.