### In the Matter of LOYD W. RICHARDSON CONSTRUCTION COMPANY, For Exoneration From or Limitation of Liability As Owner of M/V CAPTAIN IRA and M/V MRS. R.

#### Civ. A. No. H–93–1780.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 19, 1993.

Alan B. Folger, Houston, TX, for plaintiff.

Frederick W. Addison, III, Locke, Purnell, Rain & Harrell, Dallas, TX, for defendant.

### *MEMORANDUM AND ORDER*

LAKE, District Judge.

Pending before the court is defendant, Fina Oil and Chemical Company's (Fina) Motion for Summary Judgment (Docket Entry No. 23). Loyd W. Richardson Construction Company (Richardson) filed this action in admiralty petitioning the court for exoneration from or limitation of liability under 46 U.S.C.App. § 183. Fina argues the action was not timely filed as required by 46 U.S.C.App. § 185 and Supplemental Rule F(1) of the Federal Rules of Civil Procedure,

---

and therefore that Fina is entitled to summary judgment as a matter of law.

## I. *Factual and Procedural Background*

This action arises out of alleged seagrass damage in the Laguna Madre. On December 30, 1991, the United States Army Corps of Engineers (Corps) sent a letter to Richardson informing it of the alleged damage. (Exhibit 1 to Affidavit in Support of Fina's Motion for Summary Judgment, Docket Entry No. 25) The letter states that an "unauthorized placement of fill material .... occurred by the apparent propeller washing by vessels during their access and egress to the permitted oil well.... The material then settled on sensitive seagrass beds, impacting the waters of the United States." *Id.* The letter identifies the area where the placement occurred and identifies Richardson's possible involvement in the work that caused the placement as a subcontractor of Fina. The letter also states that "[w]hen a party performs or causes the performance of the work, the party is responsible for the activity ..." and requests information from Richardson so that the Corps can investigate this incident. The letter states that the Corps has jurisdiction over the matter pursuant to section 404 of the Clean Water Act and that the activity in question was performed "subject to sections 10 and 404 jurisdiction." Finally, the last paragraph of the letter states: "The resolution of this violation could result in legal action, an order to restore the area, and/or acceptance of an after-the-fact permit application. If you have any questions, please contact Mr. Casey Cutler...."

On January 30, 1992, Richardson responded by letter to the Corps' letter. (Exhibit 2 to Affidavit in Support of Fina's Motion for Summary Judgment, Docket Entry No. 25) In its response Richardson declined to accept liability for any damages to the seagrass and directed the Corps to the companies from which Richardson was receiving instructions at the time of the alleged incident, Brown Water Marine Services, Inc. and Grace Drilling Company. Richardson concluded by asking the Corps to advise Richardson if it could be of further assistance. Almost a year later, on December 18, 1992, Fina filed suit against Richardson and others for reim-

bursement for amounts Fina may be required to pay the United States for the alleged seagrass damage. *Fina Oil and Chemical Company v. Grace Drilling Company, et al.,* (3 93–CV–0149–D, pending in the Northern District of Texas, Dallas Division). On March 8, 1993, the United States brought an action against Fina, Richardson, and others for violations of the Clean Water Act and the Rivers and Harbors Act in connection with the alleged seagrass damage. *United States v. Fina Oil, et al.,* (H–93–0691, pending in the Southern District of Texas, Houston Division).

On June 15, 1993, Richardson filed this action in admiralty for exoneration from or limitation of liability pursuant to 46 U.S.C.App. § 183.

## II. *Legal Analysis*

In its motion for summary judgment Fina argues that this action was not filed within six months after Richardson was notified of a claim against it by the December 30, 1991, letter from the Corps as required by 46 U.S.C.App. § 185 and Supplemental Rule F(1) of the Federal Rules of Civil Procedure. Richardson responds that the six-month period for filing this action was not triggered by the Corps' letter because that letter was merely investigatory and because that letter does not state a limitable claim. According to Richardson the six-month period was triggered instead when Fina filed a lawsuit against it in December 1992, and therefore this action is timely. At issue is whether the letter to Richardson from the Corps was sufficient to trigger the six-month time period under § 185. Section 185 states

> The vessel owner within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter....

Furthermore, Fed.R.Civ.P.Supplemental Rule F(1) states that

> Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district

court.... for limitation of liability pursuant to statute....

"If a petition is not filed within the six-month period, it is dismissed as untimely." *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir.1989). Although the Fifth Circuit has not specifically addressed what constitutes "written notice of claim," it has stated that "[t]he purpose of the six-month prescription on the limitation of liability petition is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Exxon Shipping Co.*, 869 F.2d at 846. Other courts that have considered whether a letter was sufficient to constitute written notice of a claim have examined such factors as whether the letter (1) informs the vessel owner of claimant's "demand of a right or supposed right," (2) blames the vessel owner "for any damage or loss," or (3) calls upon the vessel owner for something due claimant. *Rodriguez Moreira v. Lemay*, 659 F.Supp. 89, 91 (S.D.Fla.1987). *See also In re Oceanic Fleet, Inc.*, 807 F.Supp. 1261, 1262 (E.D.La.1992) (examining factors such as notice of the alleged injury, the date and place on which it occurred, and "the adversary nature of the situation").

"[A] writing may constitute sufficient notice of claim even if it is couched in tentative terms, referring only to the 'possibility' of legal action." *In re Complaint of Bayview Charter Boats, Inc.*, 692 F.Supp. 1480, 1485 (E.D.N.Y.1988) (paraphrasing holding of *In re Petition of Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586 (2d Cir.), *cert. dismissed*, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958)). In such a case the letter should be "read in its entirety," however, to determine if it constitutes a notice of claim sufficient to trigger § 185's time period. *Spooner*, 253 F.2d 584, 586. The letter in this case is far less adversarial and more tentative about legal action, specifically against Richardson, than the letters in the cases relied upon by Fina. Unlike the letters in *Spooner*, *Oceanic Fleet*, and *Bayview Charter*, the Corps' letter does not reference a judgment or settlement of claims, discuss depositions and settlement

negotiations, or instruct the owner to refer the matter to his 'legal representative' because of the negligence of the owner's employee. Nor does the letter specifically state an opinion by the Corps that Richardson's vessels caused the acts inquired about. The letter merely seeks information from Richardson to determine what occurred. Furthermore, the letter is ambiguous in that it does not state that the possible legal action would be against Richardson or require anything from Richardson besides information.

Moreover, there was never any follow-up from the Corps on the information provided by Richardson that would lead Richardson to believe the investigation or possible legal action had focused on it. *See, e.g., Spooner*, 253 F.2d 584, 586 (Hand, J. concurring) ("It does not seem reasonable to me to require this [the filing of security for the vessel or surrender of the vessel] of him when the claimant's position is equivocal. On the other hand it is indeed reasonable to require him to make the claimant define his position. If the claimant refuses to do so, it may be that the period does not begin to run until he does.").

Because of these ambiguities [1] in the letter Fina cannot demonstrate that the letter was a sufficient notice of claim to trigger the six-month time period. *See, e.g., In re Anthony O'Boyle*, 51 F.Supp. 430, 431 (S.D.N.Y.1943) (claim must inform vessel owner of claimant's intention to seek damages from vessel owner); *In re J.E. Brenneman Co.*, 157 F.Supp. 295, 297 (E.D.Pa.1957) (document insufficient to constitute written notice of claim that does not inform vessel owners of claimant's demand of right, blame owners for damages, or call upon owners for something due). Under these circumstances Fina has not met its burden of showing its entitlement to summary judgment on limitations, and Fina's Motion for Summary Judgment (Docket Entry No. 23) is **DENIED**.

---

1. Because the court concludes that the letter was merely investigatory and was equivocal, the court need not address Richardson's argument

that the letter is insufficient to constitute written notice because it does not state a limitable claim.