In the Matter of The Complaint of **NORFOLK DREDGING COMPANY** as Owner of the Pusher # 10, for Exoneration from or Limitation of Liability, Plaintiff,

v.

John L. WILEY, Claimant.

No. 2:04CV619.

United States District Court, E.D. Virginia. Norfolk Division.

Feb. 22, 2005.

James L. Chapman, IV, Esquire, Stuart P. Sperling, Esquire, Crenshaw, Ware & Martin, P.L.C., Norfolk, Counsel for Norfolk Dredging Company.

Ralph Rabinowitz, Esquire, Norfolk, Counsel for Claimant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This limitation of liability case is before the court on three motions filed by claimant John L. Wiley: a motion to dismiss, a motion to dissolve the injunction issued by this court and to stay the federal proceeding, and a motion to increase the limitation fund. For the reasons stated below, claimant's motion to dismiss is DENIED, and the motion to dissolve the injunction and stay the proceedings is GRANTED. The court DENIES the motion to increase the limitation fund at this time, as it may become moot; claimant may renew the motion, if appropriate, after he proceeds with his case in state court.

### I.  Factual and Procedural History

On October 19, 2004, plaintiff Norfolk Dredging Company, owner of the tug PUSHER # 10, filed this action for exoneration from or limitation of liability pursuant to the Limitation of Vessel Owner's Liability Act of 1851, 46 App.U.S.C. §§ 181–189 ("Limitation of Liability Act"). Plaintiff seeks exoneration from or limitation of liability for damages resulting from

an accident which took place on November 27, 2003, on the navigable waters of the United States. John L. Wiley (hereinafter "Wiley" or "claimant"), a deckhand, was involved and injured in that accident.

Under the Limitation of Liability Act, a shipowner can limit its liability to the value of its vessel and pending freight, provided that the accident occurred without the privity or knowledge of the owner. *See* Robert Force, *Admiralty and Maritime Law* 133 (2004). The shipowner must file a complaint in federal district court within six months of receipt of written notice of a claim. *See* 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15–5 (4th ed.2001). As a condition to filing the complaint, the shipowner/plaintiff must deposit with the court a sum of money equal to the value of his interest in the vessel and pending freight, or approved security thereof. *Id.* Upon compliance with these conditions, the court will issue an injunction to stay all proceedings against the vessel owner with respect to the incident in question. *Id.* Plaintiff in this case has posted security in the amount of the claimed value of the vessel, $80,000, and this court entered an injunction against all other proceedings on October 20, 2004.

On November 23, 2004, claimant answered the complaint and filed several motions: (1) a motion to dismiss plaintiff's complaint, on the ground that the complaint was filed more than six months after plaintiff received notice of claimant's claim against it; (2) a motion to dissolve the injunction and stay the proceeding; and (3) a motion to increase the limitation fund and increase the posted security. Plaintiff responded on December 6, 2004. A hearing was held on February 1, 2005.

## II. Analysis

### A. Venue

■ Supplemental Rule of Federal Civil Procedure F(9) dictates the requirements for venue in limitation of liability cases. The Rule states:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district, and no suit has been commenced in any district, then the complaint may be filed in any district.

Fed.R.Civ.P. Supp. R. F(9). The PUSHER # 10 has not been attached or arrested, nor has the owner been sued with respect to this claim. Therefore, under Rule F(9), venue is appropriate in the district where the vessel is located; and if it is not within any district, venue lies in any district.

■ A vessel is "within the district" of a district court if it is in the territorial waters of the United States. *See* 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 21–3 n. 19 (4th ed.2001). The territorial waters of the United States extend to twelve nautical miles off shore. *Id.* at § 2–14. Generally, a vessel is understood not to be within any district if it is lost at sea or in foreign waters. Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* 850 n. 47 (2d ed.1975). For the purpose of establishing venue, the court must consider the location of the vessel at the time the complaint was filed. *In re Norfolk Dredging Co.*, 240 F.Supp.2d 532, 535 (E.D.Va.2002).

In its complaint, plaintiff states that the PUSHER # 10 was not within the district

of any United States district court at the time the complaint was filed. Compl. ¶ 5. Claimant disputes this in his answer, and argues in his rebuttal brief that venue is inappropriate. *See* Claimant's Answer and Grounds of Defense at ¶ 1; Claimant Wiley's Rebuttal Brief at 3. At the February 1, 2005, hearing, the court ordered plaintiff to file documents with the court showing the location of the PUSHER # 10 at the time the complaint was filed.

On February 4, 2005, plaintiff provided the court with three affidavits stating that the PUSHER # 10 was operating outside of the territorial waters of the United States on October 19, 2004, between 10:40 a.m. and 12:00 p.m.[1] Claimant has not opposed these affidavits with contrary evidence. The complaint was filed on October 19, 2004, at 11:40 a.m. As the PUSHER # 10 was operating outside of the jurisdiction of any district court at the time the complaint was filed, venue is appropriate in any district. Thus, venue is appropriate in this court.

## B. Motion to Dismiss

■■■ Claimant's motion to dismiss contends that plaintiff's complaint was not timely filed. Under 46 App.U.S.C. § 185, a limitation of liability action must be filed within six months of receipt of "written notice of claim." It is well-settled that a letter sent by a claimant (or claimant's attorney) to a vessel owner may constitute notice of a claim, and such notice may be sufficient to trigger the six month statute of limitations. *See Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co.*, 107 F.2d 373 (4th Cir.1939); *In re Salty Sons Sports Fishing, Inc.*, 191 F.Supp.2d 631 (D.Md.2002); *In re Bees-*

*ley's Point Sea–Doo, Inc.*, 956 F.Supp. 538 (D.N.J.1997); *In re Loyd W. Richardson Constr. Co.*, 850 F.Supp. 555 (S.D.Tex. 1993).

Claimant's previous attorney sent a letter to plaintiff on March 8, 2004, advising that his law firm had been retained to represent Wiley "in his cause of action for personal injuries sustained by him on November 27, 2003." *See* Claimant's Mem. of Law in Supp. of Mot. to Dismiss, Ex. 1. The letter then requests that plaintiff provide "any documentation [it has] concerning the incident" to claimant's attorney. *Id.* Plaintiff does not deny that it received this letter,[2] but it denies that the letter constitutes "written notice of claim" under § 185. If the letter does constitute proper notice, plaintiff's claim is time-barred, as the letter was apparently received in March 2004, and this case was filed approximately seven months later, on October 19, 2004.

Although case law on this issue is not extensive, several courts have dealt with the issue of whether a letter to a plaintiff in a limitation of liability action constitutes notice of a claim. The Fourth Circuit has not issued a published opinion addressing this question since 1939. In that case, *Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co.*, 107 F.2d 373 (4th Cir.1939), the court held that letters sent from an insurance company to a vessel owner were written notices of claims within the statute, as they indicated that the vessel owner was responsible for the injuries sustained and that claims (for damages) were being made by the injured party.

■■■ Other courts have considered several factors in determining whether or

---

1. To supplement the affidavits, plaintiff also submitted a chart denoting the location and course of the PUSHER # 10 on October 19, 2004, in the Gulf of Mexico.

2. In fact, the letter is attached to Norfolk Dredging Company's Brief in Opposition to Claimant's Motion to Dismiss as Exhibit A.

not a particular letter constitutes "notice" to a vessel owner under the statute. These factors include "whether the letter (1) informs the vessel owner of claimant's 'demand of a right or supposed right,' (2) blames the vessel owner for 'any damage or loss,' or (3) calls upon the vessel owner for something due claimant." *Richardson,* 850 F.Supp. at 557 (citations omitted). A writing may constitute sufficient notice of claim even if it is couched only in tentative terms, but in such a case the letter must be read in its entirety to determine whether it is too ambiguous or non-adversarial to constitute notice. *In re Allen N. Spooner & Sons, Inc.,* 253 F.2d 584, 586 (2d Cir. 1958); *id.*

Some courts have placed heavy emphasis on whether the letter gives any indication that the claim may exceed the value of the ship. *See Salty Sons,* 191 F.Supp.2d at 637. In *Salty Sons,* the court held that the written notice *must* indicate a reasonable possibility that the claims would exceed the value of the ship. *Id.* at 636 (citing *Van Le v. Five Fathoms, Inc.,* 792 F.Supp. 372, 374 (D.N.J.1992)). However, in an unpublished opinion, the Fourth Circuit stated in dictum that "the statute does not impose any such burden," and thus the claimant was not required to state that the claim would exceed the value of the vessel. *Big Deal, Inc. v. Pouchie,* 958 F.2d 367, 1992 WL 51311,*3 n. 4 (4th Cir.1992) (per curiam).[3]

The letter at issue in this case is very similar to one considered in *In re Okeanos Ocean Research Foundation, Inc.,* 704 F.Supp. 412 (S.D.N.Y.1989). In that case, the court determined that a letter sent to a vessel owner which did not blame the vessel owner for the injuries or describe the incident or injuries in any detail did not constitute notice under § 185. The letter only stated that the law firm had been retained in connection with a cause of action arising out of injuries sustained on the owner's boat on a certain date; the letter also asked the vessel owner to contact his insurance carrier. *Id.* at 416. The court in *Okeanos* distinguished *Spooner* and other cases on the ground that the letters in those cases clearly blamed the vessel owner for the injuries sustained and characterized the nature and extent of the injuries.

Here, as in *Okeanos,* the letter neither blames the plaintiff nor states the nature or extent of the injuries received. While the letter at issue here states that the law firm has been retained "to represent [Wiley] in his cause of action for personal injuries," it merely asks for documentation from plaintiff and does not place or indicate blame for the injuries. Simply put, the letter does not state a belief that plaintiff was at fault in any way or is responsible for Wiley's injuries, nor does it state that Wiley will be suing claimant. Unlike the letter at issue in *Beesley's Point Sea-Doo, Inc.,* 956 F.Supp. at 541, this letter does not recommend that plaintiff contact its insurer, nor does it reference depositions or settlement negotiations, *In re Oceanic Fleet, Inc.,* 807 F.Supp. 1261, 1262 (E.D.La.1992). Furthermore, it does not quantify the claim in any manner; thus plaintiff could not know whether the claim would exceed the value of the vessel or not. Under the holistic approach adopted by most courts considering this issue, claimant's letter fails to provide notice under § 185. *See, e.g., Spooner,* 253 F.2d at 586 (holding that "the whole tenor of the letter" suggests that it constitutes a notice of claim); *see also Doxsee Sea Clam Co.,*

---

3. *Big Deal* is distinguishable from the case at bar. The letter at issue in *Big Deal* stated that "[c]laim is hereby made for payment of lost wages, unearned wages, maintenance and cure, and damages." 958 F.2d 367, 1992 WL 51311 at *1. That statement goes a great deal further toward quantifying the claim than does the letter in this case.

*Inc. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994); *Beesley's Point Sea–Doo, Inc.*, 956 F.Supp. at 541.

Judge Learned Hand, concurring in *Spooner*, wrote:

> If all that the owner had to do was to file a petition, it might well be that even the warning of a possible claim would be enough, but he must do more; he must either file security for the full value of his ship, or surrender her to a trustee. It does not seem reasonable to me to require this of him upon penalty of losing his privilege when the claimant's position is equivocal.

*Spooner*, 253 F.2d at 586–87. Because the statute requires vessel owners to post security at the time of filing a limitation of liability action, courts have traditionally been hesitant to require that such an action be filed in response to a vague letter which fails to specifically threaten suit or give some approximation as to the extent of the owner's liability. It is this same hesitation which leads this court to conclude that the letter sent by claimant's attorney does not constitute "written notice of claim" for purposes of § 185. Therefore, claimant's motion to dismiss is DENIED.

### C.  Motion to Dissolve the Injunction and Stay the Proceeding

■ Claimant filed a Motion to Dismiss, and Alternatively, to Dissolve the Injunction and Stay the Proceeding. Claimant contends that if the limitation action is not dismissed, the injunction preventing him from filing suit in state court should be lifted and the limitation action should be stayed pending determination of any state court case.

It is well-settled that, in certain situations, a claimant must be allowed to pursue his action outside of the limitation proceeding if he chooses to do so. Title 28 U.S.C. § 41(3) confers upon federal district courts admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it." The Supreme Court noted in *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), that the "savings to suitors" clause of 28 U.S.C. § 41(3) is in direct tension with the Limitation Act. The Court held in *Langnes* that it was in the discretion of the district court whether to dissolve the injunction and permit the state court to proceed, or whether to retain complete jurisdiction. *Langnes*, 282 U.S. at 541, 51 S.Ct. 243. In that case, however, the Court held that it was an abuse of discretion for the district court to retain jurisdiction of the case, because otherwise the claimant's right to a common-law remedy (i.e., right to a jury trial) was destroyed; however, if the vessel owner's right to limitation was called into question in state court, the district court could resume jurisdiction. *Id.* Following *Langnes*, the Court held in *Ex Parte Green*, 286 U.S. 437, 440, 52 S.Ct. 602, 76 L.Ed. 1212 (1932), that although it was proper for a district court to dissolve an injunction against state court proceedings in certain circumstances, the district court is authorized to resume jurisdiction and dispose of the whole case "if the value of the vessel be not accepted as the limit of the owner's liability."

Since *Langnes* and *Green*, courts have considered the circumstances under which it is appropriate to dissolve an injunction and allow a claimant to proceed in state court. In most cases, this issue boils down to whether stipulations filed by the claimant are sufficient.[4] In *In re Two "R"*

4. This reasoning applies only to single-claimant situations. Where the party seeking limitation of liability may face multiple claims, stipulations by one or more potential claimants may not be sufficient to protect the right

*Drilling Co., Inc.,* 943 F.2d 576 (5th Cir. 1991), the Fifth Circuit affirmed the dissolving of an injunction where claimant stipulated to the following: (1) that the vessel owner was entitled to litigate all issues relating to limitation of liability in district court; (2) that any claim of res judicata relevant to the issue of limitation would be waived; and (3) that if the amount of recovery awarded in the state court action exceeded the claimed worth of the vessel, claimant would not seek to enforce that judgment (to the extent it exceeded the claimed worth of the vessel) pending the adjudication of the limitation of liability issue in federal court. Notably, claimant did not stipulate or agree to the amount stated by the vessel owner as the value of the vessel. The court held that under *Green,* "[w]here the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding." *Two "R" Drilling,* 943 F.2d at 578. The Fifth Circuit has since reaffirmed its holding in *Two "R" Drilling* in *In re Tetra Applied Technologies,* 362 F.3d 338 (5th Cir.2004).

Similarly, in *In re McAllister Towing of Virginia, Inc.,* 999 F.Supp. 797 (E.D.Va. 1998), the court considered claimant's stipulations to be sufficient to allow a state court action to proceed. The claimant did not concede the value of the vessel, but did stipulate to the federal district court's right to determine the limitation of liability. The court found that the vessel owner's rights to limited liability under the statute were adequately protected with the stipulations made by claimant. *Id.* at 802.

Going one step further, the Sixth Circuit held in *Muer v. Karbel,* 146 F.3d 410 (6th Cir.1998), that a district court had "overstepped its bounds by reaching issues ancillary to the [limitation of liability] action when the claimant-appellant stipulated to the district court's jurisdiction" over that action. *Id.* at 419.

■ Claimant has filed five stipulations with the court.[5] Claimant makes the following stipulations: (1) he concedes that this court has exclusive jurisdiction to decide all limitation of liability issues; (2) he does not dispute the alleged value of the PUSHER # 10, but contends that the Limitation Fund should include all vessels contractually engaged in a common enterprise under a single command;[6] (3) this is a single claim made by a single claimant; (4) no res judicata arguments will be made based on any jury trial decision or judgment in state or federal court; and (5) claimant will not seek to enforce any judgment received from a jury in excess of the Limitation Fund until the vessel owner's right to limitation has been determined in admiralty. Stipulation of Claimant John L. Wiley; Claimant Wiley's Rebuttal Brief at 1. These stipulations are basically equivalent to the ones made by the claimants in *Two "R" Drilling, McAllister* and *Muer.* As the claimants did in those cases, Wiley stipulates that if he is awarded a judgment in excess of the limitation fund, he will not seek to enforce that judgment until the limitation of liability issue has been settled by this court. Under these circumstances, claimant should be allowed to bring his claim in state court if he so chooses, where he has a right to a jury trial. Therefore,

to have the limitation issue be decided in federal court.

5. The first four stipulations were submitted in a document entitled Stipulation of Claimant John L. Wiley, filed along with claimant's Motion to Dismiss, and Alternatively, to Dis-

solve the Injunction and Stay this Proceeding. The fifth stipulation is in claimant's Rebuttal Brief.

6. Claimant filed a separate motion on this issue, discussed *infra* at § II.D.

 

this court GRANTS claimant's motion to dissolve the injunction and stay the proceedings in this court.[7]

### D. Motion to Increase the Limitation Fund

Claimant argues that the limitation fund should be increased, pursuant to the "flotilla doctrine," to reflect the combined values of all vessels taking part in the operation during which claimant was injured. *See Sacramento Navigation Co. v. Salz,* 273 U.S. 326, 47 S.Ct. 368, 71 L.Ed. 663 (1927); *Liverpool, Brazil, & River Plate Steam Navigation Co. v. Brooklyn Eastern Dist. Terminal,* 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130 (1919); *Standard Dredging Co. v. Kristiansen,* 67 F.2d 548, 551 (2d Cir.1933) (cases establishing the "flotilla doctrine"). Because this issue may be rendered moot if claimant's judgment in state court does not exceed the limitation fund as it now stands, claimant agreed at the hearing to set this issue aside until such time as it becomes relevant. Therefore, the court DENIES the motion to increase the limitation fund, but will permit claimant to renew it in the limitation action, if necessary.

### III. Conclusion

For the aforementioned reasons, the court DENIES claimant's motions to dismiss and to increase the limitation fund. The court GRANTS claimant's motion to dissolve the injunction and stay the proceedings. Given the stay of this action, pending motions regarding discovery deadlines and issues are now MOOT. The Clerk

is DIRECTED to send a copy of this Opinion and Order to counsel for both parties.

IT IS SO ORDERED.

---

7. There are several circumstances under which this action may be resumed in this court. If the plaintiff challenges the vessel owner's right to limit liability during the state court proceedings, this court may resume jurisdiction over the case in order to protect "the paramount federal right." *Muer,* 146 F.3d at 418. If no such challenge is made and the state court renders a judgment in favor of the vessel owner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding will be dismissed as moot. However, if the claimant wins a judgment in excess of the limitation fund, the federal action will proceed in order to determine those issues relevant to the limitation of liability. *Id.*