In the Matter of the Complaint of JNB MARINE, INC. and C & M Industries, Inc. as Owner and Owner Pro Hac Vice of the Barge JNB 25, for Exoneration from or Limitation of Liability, Plaintiff,

v.

**Elgin STODGHILL, Claimant.**

Action No. 2:10cv613.

United States District Court, E.D. Virginia, Norfolk Division.

March 8, 2011.

---

David Neil Ventker, Marissa Marriott Henderson, Ventker & Warman, Norfolk, VA, for Plaintiff.

Richard James Serpe, Law Offices of Richard J. Serpe, P.C., Ralph Rabinowitz, Rabinowitz Swartz Taliaferro Swartz & Goodove, Norfolk, VA, for Claimant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This limitation of liability case is before the court on the following motions: claimant Elgin Stodghill's ("Stodghill") Motion to Dissolve the Injunction and his Motion to Stay this Proceeding (collectively "Motions to Dissolve and Stay"); and the plaintiffs', JNB Marine, Inc. ("JNB") and C & M Industries, Inc. ("C & M"), Motion to Dismiss Stodghill's Claim and Answer for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"). For the reasons stated below, Stodghill's Motions to Dissolve and Stay are **GRANTED** and the Motion to Dismiss is **DENIED.**

### I. Factual and Procedural History

On September 8, 2010, Stodghill filed suit against JNB and C & M in the Circuit Court for the City of Norfolk for injuries allegedly sustained aboard the barge JNB 25. In his state court action, Stodghill alleges negligence under the Jones Act, unseaworthiness, maintenance and cure, and punitive damages. On December 17, 2010, JNB and C & B filed the present action under the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, to contest and/or limit their liability and that of the JNB 25 in respect to claims arising from the JNB 25's voyage when Stodghill was injured.

Under the Limitation of Liability Act, a shipowner can limit its liability to the value of its vessel and pending freight, provided that the accident occurred without the privity or knowledge of the owner. *See Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 446, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001); Robert Force, *Admiralty and Maritime Law* 133 (2004). In other words, the limitation procedure was created "for the primary purpose of apportion-

ing the limitation fund among the claimants where that fund [is] inadequate to pay the claims in full." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 153, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). The shipowner must file a complaint in federal district court within six months of receipt of written notice of a claim. *See* 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15–5 (4th ed. 2001). As a condition to filing the complaint, the shipowner/plaintiff must deposit with the court a sum of money equal to the value of his interest in the vessel and pending freight, or approved security thereof. *Id.* Upon compliance with these conditions, the court will issue an injunction to stay all proceedings against the vessel owner with respect to the incident in question. *Id.* The plaintiffs in this case posted security in the amount of the claimed value of the vessel and this court entered an injunction *nunc pro tunc* against all other proceedings on December 21, 2010.

On December 21, 2010, Stodghill filed an Emergency Motion for Partial Relief from Stay to allow the Circuit Court for the City of Norfolk to hear his motion for a temporary restraining order. On December 22, 2010, this court held a hearing and denied the Emergency Motion without prejudice to re-urge the motion on different grounds at a later date. On January 11, 2011, Stodghill filed a Motion to Dissolve the Injunction, as well as his Answer and Claim. On January 12, 2011, Stodghill filed the Motion to Stay this federal limitation proceeding. On January 24, 2011, JNB and C & M filed a Motion to Dismiss Stodghill's Claim and Answer for Lack of Subject Matter Jurisdiction. No other claimants have appeared and, on March 2, 2011, the Clerk entered default against non-appearing parties and non-asserted claims. The motions have been fully briefed and a hearing was held on March 3, 2011.

## II. Analysis

### A. Motions to Dissolve and Stay

Stodghill asks the court to dissolve its injunction and stay this action to allow him to pursue his state court action. In support of this request, Stodghill stipulates that (1) the court has exclusive jurisdiction for deciding all questions of limitation of liability; (2) he will not seek to enforce any judgment in his state court action that is in excess of the limitation fund until all issues in this limitation proceeding have been decided; (3) he will not make any *res judicata* arguments in this court from the state court action, in regard to this court determining issues of limitation of liability; (4) the value of the JNB 25 is as the plaintiffs claim, while reserving the right to include in the valuation of the limitation fund the tug that was attached to the barge at the time Stodghill was injured pursuant to the flotilla doctrine.

This court faced the same issue in *Norfolk Dredging Co. v. Wiley*, 357 F.Supp.2d 944 (E.D.Va.2005), *aff'd* 439 F.3d 205 (4th Cir.2006), in which it granted the sole claimant's motion to dissolve and stay. In *Norfolk Dredging* (1) the owner of a vessel brought an action for exoneration from, or limitation of, liability pursuant to the Limitation of Liability Act, and the court initially enjoined all other proceedings; (2) the sole claimant sought to dissolve the injunction and stay the proceeding to allow him to pursue a state court action; and (3) the claimant filed stipulations which are substantively identical to those Stodghill filed. *See Norfolk Dredging*, 357 F.Supp.2d at 950. The court found that the circumstances, specifically the claimant's stipulations and the fact that he was the only claimant, rendered it appropriate to dissolve the injunction of the state court proceeding and to stay the federal proceeding. *Id.* The court noted "[i]t is well-settled that, in certain situations, a claimant must be allowed to pursue his action

outside of the limitation proceeding if he chooses to do so." *Id.* at 949. The Fourth Circuit affirmed this decision, finding that "[t]he district court acted well within its discretion in staging the proceedings by staying this action and allowing a state court action to proceed, postponing until later the final determination of what the precise amount of the limitation fund should be." 439 F.3d 205, 211 (4th Cir. 2006).

■ The court sees no basis to distinguish *Norfolk Dredging* from this case. Stodghill, the sole claimant, filed stipulations with the court that are essentially equivalent to the ones made by the claimant in *Norfolk Dredging.* Importantly, Stodghill has agreed that the court retains jurisdiction until his personal injury claim has been determined. *See* 439 F.3d at 211 ("Thus, should [claimant's] stipulations provide inadequate protection in some unforeseen way, the district court has continuing jurisdiction to correct any deficiencies." (citing *Lewis,* 531 U.S. at 453–54, 121 S.Ct. 993)). Under these circumstances, granting the Motions to Dissolve and Stay "reconcile[s] [Stodghill's] right to his remedy under the savings to suitors clause with [the plaintiffs'] right to seek limited liability under the Limitation Act." *Lewis,* 531 U.S. at 451, 121 S.Ct. 993. Stodghill

should be allowed to pursue his claim in state court if he so chooses, where he has a right to a jury trial. *See id.* at 454–55, 121 S.Ct. 993 ("Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors." (citations omitted)). The court **GRANTS** the Motions to Dissolve and Stay.

### B. Motion to Dismiss

■ JNB and C & M ask the court to deny Stodghill's Motions to Dissolve and Stay and then dismiss his Claim and Answer pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. They argue that the undisputed facts establish that Stodghill is not a Jones Act seaman, and all of the causes of actions Stodghill raises in state court depend on him being one. They assert that because Stodghill is clearly not entitled to reach a jury on the question of whether he is a seaman, the saving to suitors clause in 28 U.S.C. § 1333(1) does not apply to allow him to pursue his Jones Act claims in state court.[1] Accordingly, they assert that this court cannot dissolve the injunction and stay this action, and it, therefore, must adjudicate Stodghill's Claim.[2] However, they simultaneously contend that because Stodghill is not a seaman as a matter of law, the court must dismiss the Claim for lack of subject matter jurisdiction.[3]

1. The saving to suitors clause provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of … any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" 28 U.S.C. § 1333(1) (emphasis added).

2. The court refers to Stodghill's claim in this proceeding as his "Claim." Claim, ECF No. 22; *see* Rule F Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (providing that "all persons asserting claims with respect to which the complaint seeks limitation" must file their respective claims in the federal limitation proceeding). The court refers to the underlying personal

injury claims Stodghill is pursuing in state court as "claims."

3. The plaintiffs argue that Stodghill is a longshoreman under the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950, rather than a Jones Act seaman. Because a person cannot be both a longshoreman and a seaman, *see, e.g., Harbor Tug and Barge Co. v. Papai,* 520 U.S. 548, 553, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997), and federal district courts have admiralty jurisdiction over seaman's injury actions but not those of longshoreman, *see, e.g., Swanson v. Marra Bros.,* 328 U.S. 1, 4–6, 66 S.Ct. 869, 90 L.Ed. 1045 (1946), the plaintiffs argue Stodghill's Claim must be dismissed.

██ The plaintiffs straddle the line between legitimate use of the limitation procedure and "attempting to use the Petition for Limitation of Liability as an offensive weapon." *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152–53, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). Stodghill chose to bring his complaint in state court over three months before the plaintiffs brought this limitation proceeding. *Stodghill v. C & M Indus., Inc.,* No. CL10–5866 (Va.Cir. Ct. Sept. 8, 2010).[4] On the other hand, the plaintiffs were entitled to seek protection through the limitation procedure in this court, and they rightfully obtained an injunction halting Stodghill's state court action. However, now, when it is clear that Stodghill is the only claimant and he does not contest the jurisdiction of this court to decide issues of limitation of liability, they nonetheless seek to frustrate his pursuit of a jury trial in state court. Indeed, they seek to avert any adjudication of Stodghill's claims on the merits. Under these circumstances, the plaintiffs' use of the limitation procedure is suspicious. *See Lewis,* 531 U.S. at 453–54, 121 S.Ct. 993 ("The Act and the rules of practice, however, do not create a freestanding right to exoneration from liability in circumstances where limitation of liability is not at issue.").

Stodghill never asked this court to decide the merits of his personal injury claims.[5] Stodghill asks "to have the questions of liability, the liability of complainants, decided by a jury, with Claimant's damages to be set with trial by jury *in state court* pursuant to the Saving to Suitors Clause." Claim 1, ECF No. 22 (emphasis added). Stodghill brought his Claim in this proceeding to comply with relevant procedural rules by providing notice of the basis of potential claims he may have against the limitation fund should he obtain a judgment in state court. *See* Rule F(5) Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. By opposing the Motions to Dissolve and Stay while simultaneously pursuing a Motion to Dismiss, the plaintiffs are taking the position that this court should be the forum to decide the merits of Stodghill's personal injury claims, while at the same time arguing that this court cannot do so because it lacks subject matter jurisdiction over them.[6] The plaintiffs cite no precedent supporting such an action, and the court finds none.[7]

---

4. Federal and state courts share concurrent jurisdiction over Jones Act claims. *See, e.g., Lewis,* 531 U.S. at 455, 121 S.Ct. 993 (noting that once a person raises a Jones Act claim in state court it "is not subject to removal to federal court even in the event of diversity of the parties" (citing 28 U.S.C. § 1445(a) and 46 U.S.C.App. § 688(a))); *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 232, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (citing *Engel v. Davenport,* 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926)); *see also* 28 U.S.C. § 1333(1).

5. *See supra* note 4 and accompanying text.

6. *See supra* note 3 and accompanying text.

7. The plaintiffs profess that three cases support their position: *Harbor Tug & Barge Co. v. Papai,* 520 U.S. 548, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997); *Whittington v. Sewer Constr. Co., Inc.,* 541 F.2d 427 (4th Cir.1976); and *Pizzitolo v. Electro–Coal Transfer Corp.,* 812 F.2d 977 (5th Cir.1987). While *Pizzitolo* is not binding precedent on this court, the Fifth Circuit has twice recognized that the Supreme Court has overruled *Pizzitolo. See Campo v. Electro–Coal Transfer Corp.,* 970 F.2d 51, 52 (5th Cir.1992) ("[*Southwest Marine v. Gizoni,* 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991)] overruled *Pizzitolo.*"); *Easley v. S. Shipbuilding Corp.,* 965 F.2d 1, 3 (5th Cir.1992) (same). *Whittington* and *Papai* each address whether a person is a Jones Act seaman. However, they do so in the context of a personal injury action brought by a purported seaman in federal court; neither case concerns a limitation of liability proceeding. For this reason, the court finds that neither case binds it to follow the plaintiffs' desired course. Furthermore, they do not persuade the court that dissolving the injunction and staying this proceeding prejudices the plaintiffs' ability to challenge Stodghill's seaman status in state court, nor his right to limitation

The Motion to Dismiss is **DENIED,** as the court is granting the Motions to Dissolve and Stay. In doing so, the court finds no compelling reason to adjudicate the claims Stodghill already brought in state court. Dissolving the injunction and staying this proceeding does not prejudice the plaintiffs' ability to contest Stodghill's seaman status and their liability in the state court proceeding, nor does it prejudice their right to seek limitation in this court, if they are adjudged liable to Stodghill.

### III. Conclusion

The court **GRANTS** Stodghill's Motions to Dissolve and Stay and **DENIES** the Motion to Dismiss. If Stodghill obtains a judgment in state court, then the plaintiffs can return to this court to litigate any remaining matters pertinent to this limitation of liability action. The parties are **DIRECTED** to submit a report every month, beginning on May 1, 2011, apprising the court of the status of the state court proceeding and any other matter which may necessitate limitation of liability in this proceeding. The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties and to the Clerk of the Circuit Court for the City of Norfolk.

**IT IS SO ORDERED.**

of liability here. *See Norfolk Dredging Co. v. Wiley,* 357 F.Supp.2d 944 (E.D.Va.2005), *aff'd* 439 F.3d 205 (4th Cir.2006).